AGUILÚ, DEMANDANTE Y APELADO, *v.* OLIVIERI ET AL., DEMANDADOS Y APELANTES.

No. 3382.—*Visto:* Julio 7, 1924. *Resuelto:* Julio 29, 1924.

DESESTIMACIÓN DE APELACIÓN—APELACIÓN INEXISTENTE POR FALTA DE PAGO DE COSTAS—COSTAS DE LA SECRETARÍA.—En este caso la corte inferior concedió al demandado el derecho a litigar como insolvente tan sólo en cuanto a la radicación de la contestación o alegaciones para la comparecencia pero no respecto a posteriores actuaciones. Pedida la desestimación del recurso entre otros motivos porque el escrito de apelación no llevaba adherido el sello de rentas internas correspondiente en concepto de costas, se desestimó la apelación por ser de aplicación la doctrina del caso de *Paz* v. *Bonet,* 30 D. P. R. 919.

Moción de la parte apelada para que se desestime la apelación. *Con lugar.*

*C. Brunet,* abogado de los apelantes; *M. A. Rivera,* abogado del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La corte inferior dictó sentencia en este caso de desahucio declarando con lugar la demanda. Los demandados no conformes establecieron el recurso de apelación y el demandante-apelado solicita se desestime dicho recurso por dos motivos: 1º, porque los demandados archivaron el escrito de apelación sin fijar en él el sello de rentas internas; y 2º, porque la fianza prestada por los demandados para apelar era nula y aunque se concedió a los demandados un término para prestar una nueva fianza, la corte carecía de jurisdicción para permitir que se archivara fuera del término de cinco días en qué debía quedar perfeccionada la apelación.

En relación con el primer motivo, la corte inferior resolviendo una moción de insolvencia de los demandados había dictado la siguiente resolución:

"La corte, resolviendo la moción permite a la parte radicar sus alegaciones y contestación en este caso de desahucio sin que se vea precisada a pagar los gastos de derechos de la corte, haciendo constar que toda vez que es condicional, solamente se permite esta radicación para estas alegaciones exclusivamente, pero no para ninguna otra posterior, sino que entonces, de ejercitar su derecho las partes, tendrán que pagar los derechos correspondientes."

El apelado solicitó entonces que se eliminara el escrito de apelación fundándose en que no se había unido al mismo el sello de $5 correspondiente a las costas, pero la corte inferior, si bien negó la moción, ella ya no tenía jurisdicción para considerar la moción del apelado ni para modificar su propia orden en cuanto a la declaración condicional de insolvencia de los demandados.

El mismo abogado de los apelantes, si bien admite que la orden del juez declarando la insolvencia es confusa, aparece

sin embargo suficiente clara dicha orden en cuanto limita exclusivamente la insolvencia a la contestación o alegaciones que los demandados hicieran en el acto de la comparecencia, pero no respecto a ninguna otra actuación posterior. Y siendo esto así, es de entera aplicación el caso de *Paz* v. *Bonet*, 30 D.P.R. 919, en que dijimos:

"Cuando no se adhieren a un escrito de apelación los sellos de rentas internas correspondientes en concepto de costas, de acuerdo con la ley regulando el cobro de derechos y costas en causas civiles, aprobada en marzo 11, 1915, dicho escrito es nulo y sin ningún valor, por ser ese requisito esencial al perfeccionamiento de la apelación; y si con él no se cumple antes de vencido el término para apelar, el *status* es el mismo que si no se hubiera apelado en tiempo."

No siendo necesario considerar el segundo motivo alegado, y siendo bastante el primero para sostener la moción del apelado, *la apelación debe desestimarse.*