Carlos Rosado Acosta, demandante y apelante, *v.* The American Railroad Company of Porto Rico, demandada y apelada; Benito Leclerc, demandante y apelante, *v.* The American Railroad Company of Porto Rico, demandada y apelada.

Nos. 4171 y 4173.—*Vistos:* Noviembre 23, 1927.  *Resuelto:* Enero 18, 1928.

1. Apelación y Error—Requisitos y Procedimientos para Elevar la Causa—Pago de Derechos y Costas y Fianzas u Otras Garantías—Pago de los Derechos por Escrito de Apelación.—Un demandante insolvente que ha obtenido una orden permitiéndole radicar su acción como insolvente tiene derecho a radicar un escrito de apelación y a obtener copia certificada del legajo de la sentencia sin efectuar el pago de los derechos prescritos por la ley.

2. Apelación y Error—Requisitos y Procedimientos para Elevar la Causa—Pago de Derechos y Costas y Fianzas u Otras Garantías—Pago de los Derechos por el Récord de Apelación.—La radicación de la demanda de un insolvente mediante el permiso previo de la corte, y no la fraseología de la resolución que permite tal radicación, es lo que constituye la base estatutoria del derecho del demandante ''a todos los servicios de todos los funcionarios del tribunal . . . . como si los derechos hubiesen sido satisfechos.''

Mociones sobre desestimación de apelación, interpuestas éstas contra sentencias de *Charles E. Foote,* J. (Mayagüez), declarando sin lugar la demanda, con costas. *Sin lugar* las mociones.

*Angel A. Vázquez,* abogado del apelante; *F. y M. Acosta Velarde,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Las mociones para desestimar las apelaciones respectivas en los casos arriba titulados se basan no solamente en los fundamentos discutidos y que ya han sido resueltos en los casos de *Roselló Bras* v. *The American Railroad Company* y *Valentín* v. *The American Railroad Company, ante,* páginas 607 y 615, sino también en el fundamento de que una resolución que ordenaba al secretario de la corte de distrito que radicara una demanda libre de cargos y disponiendo que un demandante insolvente recibiera gratuitamente los servicios de todos los funcionarios de dicha corte y las providencias de la misma, tal cual si se pagasen los derechos,

no exime a tales demandantes de la necesidad de fijar sellos de rentas internas al escrito de apelación, ni autoriza al secretario a expedir una copia certificada del legajo de la sentencia sin fijar ni cancelar tales sellos.

[1] La sección 1 y las secciones 2 y 7, en parte, de una ley "Regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales de Puerto Rico y para otros fines," aprobada el 11 de marzo de 1915, leyes de ese año, página 45, leen como sigue:

"Sección 1.—Todas las cantidades que ingresen en las oficinas de las cortes de distrito y municipales de Puerto Rico, por concepto de derechos en causas civiles, se pagarán en sellos de rentas internas que los secretarios y márshals adherirán, bajo su responsabilidad al margen o al pie de los documentos registrados. Dichos sellos serán cancelados después, escribiendo con tinta sobre cada uno la palabra 'cancelado' y la fecha en que se haga la cancelación.

"Sección 2.—El arancel de los derechos que se han de pagar en lo sucesivo por las operaciones de los secretarios y márshals de las cortes antes mencionadas, fijando y cancelando los correspondientes sellos de rentas internas en la forma que esta Ley dispone, será el siguiente:

"ARANCEL DE LOS DERECHOS QUE DEBERÁN PAGARSE
A LOS SECRETARIOS.

A.   Por cada demanda en pleito civil contencioso ante las cortes de distrito_____ $5.00

*          *          *          *          *          *          *

D.   Por cada escrito de apelación de las cortes de distrito al Tribunal Supremo_____ 5.00

*          *          *          *          *          *          *

P.   Por cada certificación bajo sello_____ 0.25

Q.   Por expedir copia de cualquier documento obrante en autos, inclusive su certificación cuando ésta sea requerida, por cada folio_____ 0.20

*          *          *          *          *          *          *

"Sección 7. Cualquier vecino de Puerto Rico que desee entablar una acción civil y no pudiese pagar los derechos requeridos por esta Ley, podrá presentar al secretario una declaración jurada exponiendo su imposibilidad de pagar dichos derechos, juntamente con una co-

pia de la demanda que se propone deducir, y el secretario someterá dicha declaración jurada y la referida demanda al juez del tribunal; y si dicho juez juzgara suficiente en derecho la demanda, permitirá que se anote dicha demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos los funcionarios del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos.''

Evidentemente la fijación y cancelación de sellos en un escrito de apelación y en la copia certificada del legajo de la sentencia tan forma parte de ''las operaciones'' del secretario, ''fijando y cancelando los correspondientes sellos de rentas internas,'' como el acto de fijar y cancelar tales sellos en la demanda cuando ésta se radica.

Decir que un demandante insolvente que ha obtenido una orden permitiéndole que radique su demanda como insolvente no tiene derecho a radicar un escrito de apelación en la corte de distrito o a obtener copia certificada del legajo de la sentencia sin efectuar el pago de los derechos prescritos por la misma ley que crea la exención de referencia, no estaría en armonía con el amplio alcance de la frase ''a todos los servicios de todos los funcionarios del tribunal,'' y participaría del carácter de legislación judicial.

[2] Las resoluciones que en estos casos permiten la radicación de las demandas siguen en substancia la letra del estatuto y por tanto no hay prueba de intención alguna por parte del juez de distrito de fijar ninguna limitación al privilegio estatutorio en ninguno de estos dos casos. Pero, sea ello como fuere, la radicación de la demanda mediante el permiso previo de la corte, y no la fraseología de la resolución que permite tal radicación, es lo que constituye la base estatutoria del derecho del demandante ''a todos los servicios de todos los funcionarios del tribunal . . . como si los derechos hubiesen sido satisfechos.''

*Se declaran sin lugar ambas mociones.*