Carolina Figueroa, en representación de su hija menor de edad Francisca Figueroa, demandante y apelante, *v.* Ramón, Rosario, Luisa y Luz María Santiago Fabricio, demandados y apelados.

No. 4662.—*Visto:* Julio 9, 1928. *Resuelto:* Julio 10, 1928.

*C. Iriarte & Ponsa Parés,* abogados de la apelante; *E. Márquez Huertas,* abogado de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La sentencia de la corte inferior en este pleito fué dictada el 19 de abril de 1928 y el mismo día fué archivada con los autos la notificación que de ella hizo el secretario de la corte a la parte demandante, la que el 19 del mes siguiente entregó un escrito de apelación de la sentencia a la esposa del secretario en la residencia de éste, sin el sello de rentas internas de $5 que exige la ley para ese escrito: el secretario radicó la apelación con esa fecha y el 23 de mayo, a requerimiento suyo, le fué entregado y canceló dicho sello de rentas, por lo que la parte apelada solicita que deses-

timemos esta apelación. Lo antes expuesto resulta de una certificación de dicho secretario y de una declaración jurada suya.

En oposición a esa solicitud nos presenta la apelante la declaración jurada de uno de sus abogados, Ponsa Parés, en la que expresa que en la tarde del 19 de mayo compró en la colecturía de rentas de Bayamón un sello de $5: que remitió en la tarde de ese día el escrito de apelación con el sello de rentas de $5 a la Corte de Distrito de San Juan: que no habiendo sido encontrado en ella ningún empleado de la secretaría por ser sábado se comunicó por teléfono con el secretario en su casa, a eso de las cinco y media de la tarde, quien le dijo que mandara el escrito a su casa y en seguida se lo envió con el sello de rentas, bajo sobre, con su chófer. Este declara bajo juramento que entregó a la esposa del secretario un pliego conteniendo dicho escrito y un sello de $5. El colector de rentas de Bayamón jura que el 19 de mayo de 1928, después del medio día, despachó un sello de rentas de $5 al abogado Ponsa Parés.

La Ley No. 17 de 1915 regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales dispone en su sección 2ª apartado D que a cada escrito de apelación de las cortes de distrito al Tribunal Supremo se fijará y cancelará un sello de rentas de $5; y dice la sección 6ª que todos y cada uno de los documentos o escritos que por esa ley se requiere que lleven un sello o sellos de rentas internas serán nulos y sin valor y no se admitirá como prueba en juicio a menos que dichos sellos hayan sido fijados a los mismos. De acuerdo con esos preceptos hemos resuelto varias veces desestimando apelaciones que el escrito de apelación que no tenga dicho sello es nulo y que el hecho de ser agregado después de vencido el término para apelar no revive la apelación. *Nazario* v. *Santos,* 27 D.P.R. 89; *Paz* v. *Bonet,* 30 D.P.R. 927; *Aguilú* v. *Olivieri,* 33 D.P.R. 629; *Delgado* v. *Cárdenas,* 34 D.P.R. 240 y *Polanco* v. *Sucn. Cumpiano.*

En vista de lo expuesto la primera cuestión que surge en este caso es si independientemente de si el sello de rentas internas se entregó el 19 de mayo de 1928 con el escrito de apelación o posteriormente el día 23 de ese mes, el hecho de haber radicado el secretario el escrito de apelación dicho día 19, que era el último que la demandante tenía para apelar, da valor legal a esa apelación aunque no tuviera adherido dicho sello de rentas; cuestión que tenemos que resolver en contra del apelante porque si ese escrito no tenía dicho sello el 19 de mayo el acto del secretario radicándolo sin él no puede dar valor legal a lo que la ley no ha querido que lo tenga.

Por lo antes consignado tendremos que decidir si el sello fué entregado el 19 de mayo o el 23 de ese mes, después de vencido el término para apelar; y aunque las declaraciones juradas son contradictorias sobre ese extremo nos parece que debe darse preponderancia a lo declarado por el secretario, no solamente porque carece de interés en este asunto sino también porque el haber radicado la apelación sin el sello parece demostrar que no tiene interés alguno contrario al demandante.

La apelación debe ser *desestimada*.