Inés Parrilla, demandante y apelante, *v.* Loíza Sugar Company, demandada y apelada.

No. 6697.—*Sometido:* Noviembre 18, 1935. *Resuelto:* Febrero 20, 1936.

---

* Nota: Véase el prefacio.

*Carlos D. Vázquez,* abogado de la apelante; *Jaime Sifre, Jr., Horacio Franceschi* y *Antonio J. Matta,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La sección 2 de una "Ley regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales de Puerto Rico y para otros fines", aprobada el 11 de marzo de 1915, leyes de ese año, pág. 45, lee en parte como sigue:

"Sección 2.—El arancel de los derechos que se han de pagar en lo sucesivo por las operaciones de los secretarios y marshals de las cortes antes mencionadas, fijando y cancelando los correspondientes sellos de rentas internas en la forma que esta Ley dispone será el siguiente:

"Arancel de los derechos que deberán pagarse a los secretarios.

.   .   .   .   .   .   .   .   .   .

"D. Por cada escrito de apelación de las cortes de distrito al Tribunal Supremo _____$5.00.''

La apelada solicita la desestimación del presente recurso fundada en que el escrito de apelación, tal cual ha sido copiado en los autos no demuestra que se le hayan fijado sellos de rentas internas por valor de $5.

En oposición a esta solicitud la apelante presenta copia certificada de una orden autorizándola a litigar en forma *pauperis.*

La apelada dice que si el legajo de sentencia deja de explicar por qué no se fijaron los sellos de rentas internas al escrito de apelación, el mismo no es susceptible de enmienda a no ser mediante pliego de excepciones o exposición del caso. La apelante no trata de enmendar el legajo de sentencia. Si el referido certificado equivale a una enmienda de algo, lo es del escrito de apelación que no forma

parte del legajo de sentencia. Difícilmente podría decirse que es una enmienda aún del escrito de apelación. Meramente explica la ausencia de sellos de rentas internas cancelados.

La sección 7 de la ley de 1915, supra, lee en parte así:

"Cualquier vecino de Puerto Rico que desee entablar una acción civil y no pudiese pagar los derechos requeridos por esta Ley, podrá presentar al secretario una declaración jurada exponiendo su imposibilidad de pagar dichos derechos, juntamente con una copia de la demanda que se propone deducir, y el secretario someterá dicha declaración jurada y la referida demanda al juez del tribunal; y si dicho juez juzgara suficiente en derecho la demanda, permitirá que se anote dicha demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos los funcionarios del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos."

En *Rosado* v. *American Railroad Co.*, 37 D.P.R. 623, resolvimos, conforme se dice en el sumario, que:

"Un demandante insolvente que ha obtenido una orden permitiéndole radicar su acción como insolvente tiene derecho a radicar un escrito de apelación y a obtener copia certificada del legajo de la sentencia sin efectuar el pago de los derechos prescritos por la ley."

La apelante ahora sostiene: que una supuesta exención del pago de derechos debe ser interpretada estrictamente; que el archivo de un escrito de apelación no está incluído en "derechos por servicios de los funcionarios" a que una persona insolvente tiene derecho; que el contexto de la sección 7 no debe ser interpretado tan liberalmente que incluya por analogía o inferencia la radicación de tal escrito sin el pago de los derechos prescritos por el inciso (*d*) de la sección 2 supra; que la doctrina del caso de Rosado está claramente en conflicto con la regla cardinal de estricta hermenéutica y debe ser abandonada ahora; que la decisión en el caso de Rosado no solamente es errónea sino que su resultado es contrario a la equidad e injusto; que todo el mundo

tiene derecho a acudir a los tribunales para proteger su persona y bienes y que la pobreza no debe ser obstáculo al ejercicio de este derecho; que la prosecución de un recurso de apelación no es un derecho sino que envuelve una cuestión de privilegio; y que el permitir a un demandante ejercer el privilegio de proseguir un recurso de apelación sin pagar los impuestos prescritos, conforme ocurre bajo la doctrina del caso de Rosado, es premiar la pobreza y resulta injusto para los otros litigantes.

El propósito del primer párrafo de la sección 2 es establecer un arancel de derechos *"por las operaciones de los secretarios y marshals"* conforme se especifica en los párrafos siguientes de ese artículo. El inciso (*d*) es el cuarto de estos párrafos y prescribe el arancel "por cada escrito de apelación". Según las disposiciones expresas del artículo 7 una persona insolvente que haya obtenido una orden de la corte autorizándola a radicar su demanda *"tendrá derecho a todos los servicios de todos los funcionarios del tribunal,* y a todos los mandamientos y providencias del mismo, *como si los derechos hubiesen sido satisfechos."* En el caso de Rosado este tribunal no incluyó por una interpretación liberal de la ley de 1915 en la exención del pago de los derechos la partida de $5 prescrita por el inciso (*d*). La legislatura ya había hecho esto, expresando su intención en términos demasiado claros para que estén sujetos a interpretación. La regla de estricta hermenéutica no exige ni puede justificar que se elimine mediante legislación judicial cualquier parte de una ley, no importa cuál pueda ser la opinión del tribunal respecto a la conveniencia de la misma. La cuestión relativa a si el derecho de la demandante a estar exenta del pago de los impuestos debe terminar al dictarse la sentencia en la corte inferior o debe incluir cuestiones relacionadas con una apelación interpuesta contra tal sentencia, es una cuya decisión descansa en la legislatura y no en las cortes.

*Debe declararse sin lugar la moción.*

El Juez Asociado Señor Córdova Dávila no intervino.