JUAN VÁZQUEZ SUÁREZ, peticionario y apelante, *v.* FÉLIX R. RIVERA, JEFE DEL PRESIDIO INSULAR, recurrido y apelado.

Núm. 9964.—*Sometido:* Abril 20, 1949. *Resuelto:* Abril 28, 1949.

948

*Santos P. Amadeo, Benjamín Rodríguez Ramón, L. Marrero Ledesma,*
*A. Álvarez Linares* y *Nellie Ortiz Torres,* abogados del apelante;
*J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogado del
apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

De la sentencia dictada por el Tribunal de Distrito de San Juan declarando sin lugar el recurso de Hábeas Corpus radicado por Juan Vázquez Suárez, apeló éste para ante nos.([1]) Solicita el Fiscal la desestimación del recurso fundándose en que en el escrito de apelación no se cancelaron los derechos requeridos por la Ley núm. 17 de 11 de marzo de 1915, pág. 45 (Código de Enjuiciamiento Civil, ed. 1933, pág. 292). Esa ley regula el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales y provee en su sección 2 que en cada escrito de apelación en recursos extraordinarios se cancelarán $2 en sellos de rentas internas y en su sección 6 que todos y cada uno de los documentos o escritos en que por ella se requiere lleven sellos de rentas internas serán nulos y sin valor alguno a menos que dichos sellos hayan sido fijados a los mismos.

El Hábeas Corpus es un procedimiento extraordinario, privilegiado y de naturaleza civil, no importa que el caso original que da lugar a la presentación del mismo haya

---

([1]) El peticionario fué acusado ante la Corte de Distrito de Bayamón del delito de asesinato en primer grado, convicto de homicidio voluntario y sentenciado a cumplir de ocho a diez años de presidio. En apelación confirmamos la sentencia así dictada. *Pueblo v. Vázquez,* 68 D.P.R. 67. El presente recurso fué radicado en relación con la sentencia impuéstale al peticionario.

sido criminal, como ocurre en este caso. *In re Frederich,* 149 U.S. 70; *Farnsworth* v. *Montana,* 129 U.S. 104; *Kurtz* v. *Moffitt,* 115 U.S. 487; *Ex parte Tom Tong,* 108 U.S. 556; *Ex parte Lastra,* 56 D.P.R. 559; *Ex parte Zacarías* y *El Pueblo,* 41 D.P.R. 730. En su consecuencia, la Ley núm. 17, supra, es prima facie aplicable al caso que está ante nos.

■■ El de apelación es un derecho puramente estatutario, que no existe como derecho inherente en la persona (*as a matter of right*) ni sin que haya un estatuto que lo conceda. *Santiago* v. *Asamblea Municipal,* 57 D.P.R. 121; *Rivera Bonilla, Ex parte,* 53 D.P.R. 403; *S. Rosemblum Inc.* y *Hernández, Admor. Jud.,* 44 D.P.R. 790; *Cabassa* v. *Bravo,* 21 D.P.R. 185. Siendo ello así, para que este Tribunal adquiera jurisdicción de la apelación interpuesta por una parte, es indispensable que ésta haya cumplido estrictamente con las disposiciones generales de las leyes que reglamentan las apelaciones. La cancelación del sello de rentas internas de $2 es uno de los requisitos exigidos por la ley y su incumplimiento convierte el escrito de apelación en nulo y priva a esta Corte de jurisdicción. *Piñas* v. *Corte Municipal,* 61 D.P.R. 181; *Figueroa* v. *Santiago Fabricio,* 38 D.P.R. 519; *Delgado* v. *Cárdenas,* 34 D.P.R. 240; *Paz* v. *Bonet,* 30 D.P.R. 919 y *Nazario* v. *Santos, Juez Municipal,* 27 D.P.R. 89. No hay contención alguna de que el peticionario esté litigando en *forma pauperis.*(²) Por el contrario, los autos demuestran que al radicar su petición original ante el tribunal inferior canceló los sellos requeridos por la ley.

■ Podría argüirse tal vez que como nuestra Carta Orgánica en su artículo 48 provee que "El Tribunal Supremo y las Cortes de Distrito de Puerto Rico y los respectivos Jueces de los mismos podrán conceder autos de hábeas corpus en todos los casos en que dichos autos puedan concederse por los Jueces de las Cortes de Distrito de los Estados Uni-

---

(²)Véanse la sección 7 de la Ley núm. 17 de 1915, supra, la sección 5 de la ley de marzo 10 de 1904 (Estatutos Revisados de 1911, sección 1281); *Padilla* v. *García,* 61 D.P.R. 734 y *Aguilú* v. *Olivieri,* 33 D.P.R. 629.

dos, . . ." y que como en su artículo 2 dispone que "No se suspenderá el privilegio del auto de hábeas corpus, a menos que, en caso de rebelión, insurrección o invasión lo requiera la seguridad pública, . . ." el exigir, en un caso como el que nos ocupa, que se cancelen sellos de rentas internas equivale a un menoscabo o a una suspensión del derecho a ejercitar el auto de hábeas corpus. No hay tal cosa. Aquí no se trata del ejercicio del derecho a solicitar el auto, sino de la apelación interpuesta contra la sentencia que lo denegó. El derecho a apelar, conforme ya hemos indicado, es puramente estatutario y no forma, además, parte del debido procedimiento de ley. *De Pauw University* v. *Brunk,* 53 F.2d 647, 652; *McCue* v. *Commonwealth,* 49 S. E. 623, 631, 103 Va. 870; *Ex parte Williams,* 139 S.W. 2d 485, *certiorari* denegado en *Williams* v. *Golden,* 311 U.S. 675, 85 L. Ed. 434. Tan es así esto que durante muchos años no existió en el sistema federal el derecho a apelar en las causas criminales. *Heike* v. *United States,* 217 U.S. 423, 428. Nuestro Código de Enjuiciamiento Criminal según fué originalmente aprobado—artículos 469 a 500—no autorizaba apelación alguna contra la sentencia dictada en un recurso de hábeas corpus. Fué en 1903 (Leyes de ese año, pág. 104) que se autorizó tal apelación. Empero, aun si se tratara del derecho mismo a solicitar el auto de hábeas corpus, el requerir la cancelación de sellos de rentas internas no menoscabaría el ejercicio de tal derecho, ya que el propio Congreso de Estados Unidos requiere que se paguen derechos al radicarse una petición de tal naturaleza. Véase el Código de los Estados Unidos, Título 28, capítulo 123, sección 1914. Por otra parte, al igual que ocurre en las cortes federales, al ciudadano insolvente que cumpla con los demás requisitos de ley se le permite litigar en forma pauperis, tanto al radicar su solicitud como al apelar para ante este Tribunal. Véanse el Código de los Estados Unidos, tít. 28, cap. 153, sec. 2250; la sección 7 de la Ley 17 de 1915, supra, y la sección 5 de la ley de marzo 10 de 1904 (Estatutos Revisados de 1911, sección 1281).

Por tanto, el requerir la cancelación de sellos de rentas internas en un escrito de apelación no menoscaba derechos de clase alguna, no suspende el ejercicio de tal derecho, ni viola ningún precepto de nuestra Carta Orgánica.

No habiendo el peticionario cancelado los derechos de rigor en su escrito de apelación, el mismo resulta nulo y este Tribunal no ha adquirido jurisdicción, *debiendo en su consecuencia declararse con lugar la moción del Fiscal y desestimarse el recurso.*([3])

---

([3]) Como la doctrina de *res judicata* no es aplicable en casos de hábeas corpus—*Ramos* v. *Rivera,* 68 D.P.R. 548—nos damos cuenta de cuán fútil es el resultado a que llegamos en este caso, puesto que nada hay que impida que el peticionario radique otra petición. No obstante, al carecer de jurisdicción lo único que puede hacer este Tribunal es así declararlo.