CLEOFE TORRES FIGUEROA, peticionario y apelante, *v.* FÉLIX RIVERA, JEFE PENITENCIARÍA INSULAR, recurrido.

Núm. 9959.—*Sometido:* Junio 1, 1949. *Resuelto:* Junio 9, 1949.

*Benjamín Rodríguez Ramón* y *Santos P. Amadeo,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo,* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Cleofe Torres Figueroa radicó una solicitud de hábeas corpus ante la corte de distrito. Ésta declaró con lugar una moción del peticionario para litigar *in forma pauperis.* Luego de una vista en los méritos, la corte inferior dictó sentencia declarando sin lugar la solicitud.

El peticionario radicó un escrito de apelación. También radicó una moción en la que informaba que su situación eco-

nómica no había cambiado desde que se dictó la resolución declarando con lugar su moción original para litigar *in forma pauperis,* y solicitaba se ordenase al taquígrafo-repórter que le suministrara copia de la transcripción de evidencia libre de gasto alguno. La corte inferior declaró con lugar esta moción y el taquígrafo le entregó al peticionario la transcripción, la cual ha sido radicada en este tribunal. Sin embargo, el Pueblo ha radicado una moción de desestimación por el fundamento de que no se adhirió ni canceló el sello de rentas internas en el escrito de apelación, según lo exige la Ley núm. 17 del 11 de marzo de 1915, pág. 45 (Código de Enjuiciamiento Civil, ed. de 1933, pág. 293).

El Pueblo descansa en *Vázquez Suárez* v. *Rivera,* 69 D.P.R. 947; *Padilla* v. *García,* 61 D.P.R. 734; y *Aguilú* v. *Olivieri, et al.,* 33 D.P.R. 629. Ninguno de estos casos es aplicable. Resolvimos en el de *Vázquez Suárez* que carecemos de jurisdicción en un recurso de apelación contra sentencia desestimando una solicitud de hábeas corpus, a menos que el apelante cancele el sello de rentas internas en el escrito de apelación o que esté pleiteando *in forma pauperis.* Pero en dicho caso no se alegaba que el peticionario estuviera litigando *in forma pauperis.*

El caso de *Aguilú* trataba de una resolución de la corte de distrito que expresamente limitaba el permiso de la corte a la radicación de las alegaciones y la contestación sin el pago de derechos, pero (pág. 630) "no para ninguna otra posterior, sino que entonces, de ejercitar su derecho las partes, tendrán que pagar los derechos correspondientes." Bajo dichas circunstancias, resolvimos que, a falta de una orden ulterior de la corte de distrito, la apelación debía desestimarse debido a no haberse adherido y cancelado el correspondiente sello de rentas internas en el escrito de apelación. Pero esta decisión es hija de los hechos del caso, y no es decisiva en un caso como el presente donde se dicta una resolución ilimitada permitiendo a una parte a litigar *in forma pauperis.*

En el caso de *Padilla* interpretamos la sección 5 de la Ley del 10 de marzo de 1904 (pág. 110). Allí resolvimos que la sección 5 "claramente exige que se solicite de la corte inferior una resolución ordenando al taquígrafo que le entregue a un apelante indigente una copia de la transcripción libre de derechos." (Pág. 736). Dijimos que esta sección expresamente requería una declaración jurada al efecto de que *en la fecha en que solicitaba la transcripción,* el peticionario era insolvente y no podía pagar los honorarios del taquígrafo. La sección 5 de la Ley de 1904, con el anterior requisito, no está envuelta en este caso. Aquí el peticionario radicó una moción y obtuvo la orden necesaria para la transcripción, que se le suministró y que ha radicado aquí. Este caso trata del sello de $2 que exige la Ley del 11 de marzo de 1915 y la interpretación de su sección 7, que es bastante diferente de la sección 5 de la Ley de 1904.

Por otro lado, los casos de *Parrilla* v. *Loíza Sugar Company,* 49 D.P.R. 597, y *Rosado* v. *American Railroad Co.,* 37 D.P.R. 623, citados por el apelante, son enteramente aplicables. Resuelven que una parte insolvente que a tenor con la sección 7 de la Ley de 1915 haya obtenido una resolución permitiéndole litigar *in forma pauperis* en un caso civil tiene el derecho de radicar un escrito de apelación sin el pago de los derechos de rentas internas fijados por la ley. Toda vez que hemos resuelto en el caso de *Vázquez Suárez* que, a los fines de este requisito de la ley regulando el cobro de derechos, un recurso de hábeas corpus es considerado igual a una acción civil ordinaria, los casos de *Parrilla* y de *Rosado* son claramente aplicables al presente. Habiendo la corte inferior concedídole permiso para litigar *in forma pauperis,* el peticionario por consiguiente no venía obligado a adherir y cancelar un sello de rentas internas en su escrito de apelación.

*La moción de desestimación será declarada sin lugar.*

El Juez Presidente Sr. De Jesús no intervino.