Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| **SARAH GREENE**, por sí, y junto a MICHAEL FLAHERTY, en representación del hijo menor de ambos, M.G.F.<br><br>**Apelante**<br><br>v.<br><br>LUCIO BIASE, MONIKA GILMORE Y MAPFRE PRAICO INSURANCE COMPANY<br><br>Apelado | KLAN202401077 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV04757 Sala: 701<br><br>Sobre: Difamación |
| LUCIO BIASE<br><br>Demandante<br><br>v.<br><br>MACDARA G. FLAHERTY, MICHAEL F. FLAHERTY; SARAH GREENE; DORADO BEACH EAST HOMEOWNERS ASSOCIATION, INC.; ST. JAMES SECURITY SERVICES, LLC.; RESTAURANTE MELAO BY MARIO PAGAN, COMO CORPORACIÓN Y, Z y W; PERSONAS A, B, C; ASEGURADORAS D. E. F.<br><br>Demandado | | Civil Núm.: SJ2023CV10926 Sala: 701<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres*

*Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Teniendo en cuenta lo anterior, cuando un pleito comprenda una demanda contra tercero, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre y cuando determine expresamente que (1) no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito; y (2) que se deberá registrar la sentencia. Regla 42.3 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Luego de cumplirse con los referidos requisitos, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada. Íd. De no cumplirse con estas disposiciones, la sentencia dictada no podrá apelarse ya que se considerará como una resolución que sólo puede ser revisada mediante un recurso de *certiorari*. *García v. Padró*, 165 DPR

324 (2005) (citando la Regla 43.5 de Procedimiento Civil de 1979 (32 LPRA ant. Ap. III); *US Fire Ins. v. AEE*, 151 DPR 962 (2000); *Camaleglo v. Dorado Wings*, *Inc.,* 118 DPR 20 (1986)).

De otra parte, la Regla 17 del *Reglamento del Tribunal de Apelaciones* permite que varias personas afectadas por una misma sentencia presenten un solo recurso de apelación conjuntamente, o que el foro apelativo consolide apelaciones que han sido presentadas individualmente, a condición de que los derechos en alzada sean compatibles. Regla 17 del Tribunal de Apelaciones, *supra*. Véase, también, *Silva Barreto v. Tejada Martell*, 199 DPR 311 (2017). Igualmente, la Regla 80.1 le da a este foro apelativo la potestad de consolidar resoluciones u órdenes por iniciativa propia o a solicitud de parte. Regla 80.1 del Tribunal de Apelaciones, *supra*. Véase, también, *Silva Barreto v. Tejada Martell*, *supra*.

Ahora bien, el Tribunal Supremo ha determinado que una parte no podrá acumular en un solo recurso las apelaciones de más de un dictamen, aunque sí podrá apelar simultáneamente de varias determinaciones interlocutorias del foro de primera instancia, siempre y cuando provengan de un mismo caso y que el recurso se presente dentro del término dispuesto en ley. *Silva Barreto v. Tejada Martell*, *supra*; *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159 (2012). Además, aclara que el hecho que una de las determinaciones interlocutorias no fuera presentada a tiempo, no será impedimento para examinar el resto de las determinaciones que hayan sido presentadas oportunamente. *Silva Barreto v. Tejada Martell*, *supra*.

Conforme a lo anterior, para poder presentar distintos recursos apelativos de diversas sentencias, la parte peticionaria debe pagar los

derechos arancelarios correspondientes. *Ortiz v. Holsum*, 190 DPR 511 (2014) (citando a *In re Aprob. Der. Arancelarios RJ*, 179 DPR 985 (2010)). De no pagarse tales aranceles, los documentos o escritos presentados ante el tribunal serán nulos. Sec. 5 de la Ley Núm. 17 de 11 de marzo de 1915 (32 LPRA sec. 1481). Véase, también, *Silva Barreto v. Tejada Martell*, *supra*; *Ortiz v. Holsum*, *supra*; *M-Care Compounding et al. v. Depto. Salud*, *supra*; *Meléndez v. Levitt & Sons, of P.R., Inc.*, 106 DPR 437 (1977); *Maldonado v. Pichardo*, 104 DPR 778 (1976)).

A esos efectos, nuestro ordenamiento reconoce una serie de excepciones a la nulidad por falta de pago de aranceles: (1) si la persona es indigente; (2) cuando la deficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, quien acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden; y (3) si el Secretario del tribunal correspondiente instruyó erróneamente a la parte, sin intervención de esta última, colusión o intención de defraudar. *M-Care Compounding et al. v. Depto. Salud*, *supra* (citando la Sec. 6 de la Ley Núm. 17 de 11 de marzo de 1915 (32 LPRA sec. 1482); *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174 (2007); *Torres v. Rivera*, 70 DPR 59 (1949); *Cintrón v. Yabucoa Sugar Co.*, 52 DPR 402 (1937); *Parrilla v. Loíza Sugar Company*, 49 DPR 597 (1936); *Salas v. Baquero*, 47 DPR 108 (1934); *Sucn. Juarbe v. Pérez*, 41 DPR 114 (1930); *Rosado v. American Co.*, 37 DPR 623 (1928)). No obstante, toda vez que el error en el pago de aranceles se debe a la parte o su abogado, no se reconocerá excepción alguna, por lo cual el documento será nulo y, en efecto, carecerá de

validez. Íd. (citando a Sec. 4 de la Ley Núm. 17 de 11 de marzo de 1915 (32 LPRA sec. 1480)).

En el presente caso, la apelante pretende acudir ante este Tribunal para apelar diversas sentencias parciales sin pagar los aranceles correspondientes. Según el expediente, la apelante presentó demanda contra tercero en contra una misma parte, pero en dos casos distintos: en el caso BY2023CV04757 sobre difamación y en el caso SJ2023CV10926 sobre daños y perjuicios. Posteriormente, dicha parte demandada presentó en cada caso una solicitud para desestimar las demandas contra terceros mediante sentencia sumaria parcial.

Evaluadas las mociones y sus respectivas oposiciones, el foro primario determinó con lugar las solicitudes de desestimación vía dos sentencias parciales, ambas emitidas el 17 de septiembre de 2024 con los requisitos expuestos en la Regla 42.3 de *Procedimiento Civil*. Si bien el foro primario consolidó los referidos casos el 19 de septiembre de 2024 y resolvió las respectivas solicitudes de reconsideración de la apelante en una sola *Resolución y Orden*, las sentencias parciales en controversia no son determinaciones interlocutorias, más que fueron emitidas y notificadas separadamente, cada una conteniendo un lenguaje parcialmente distinto al otro.

Por tanto, y por lo dispuesto en nuestro ordenamiento, la apelante dejó de pagar los aranceles correspondientes a lo que debían ser dos recursos distintos y, en consecuencia, la apelación presentada en tales circunstancias es ineficaz y priva a este Tribunal de Apelaciones de jurisdicción para evaluar la controversia en sus méritos.

Por los fundamentos expuestos, desestimamos el recurso presentado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| SARAH GREENE, por sí, y junto a MICHAEL FLAHERTY, en representación del hijo menor de ambos, M.G.F.<br><br>Apelante<br><br>v.<br><br>LUCIO BIASE, MONIKA GILMORE Y MAPFRE PRAICO INSURANCE COMPANY<br><br>Apelado | | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV04757 Sala: 701<br><br>Sobre: Difamación |
| LUCIO BIASE<br><br>Demandante<br><br>v.<br><br>MACDARA G. FLAHERTY, MICHAEL F. FLAHERTY; SARAH GREENE; DORADO BEACH EAST HOMEOWNERS ASSOCIATION, INC.; ST. JAMES SECURITY SERVICES, LLC.; RESTAURANTE MELAO BY MARIO PAGAN, COMO CORPORACIÓN Y, Z y W; PERSONAS A, B, C; ASEGURADORAS D. E. F.<br><br>Demandado | KLAN202401077 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: SJ2023CV10926 Sala: 701<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ**

Disiento por entender que, por analogía, aplicaría la norma establecida en *Silva Barreto v. Tejada Martell*, 199 DPR 311 (2017). Aunque en dicho caso se hace referencia a determinaciones interlocutorias, me parece que el mismo razonamiento, permite el cuestionamiento de las dos sentencias emitidas en este recurso consolidado cancelando un solo arancel. De esa manera, cumplimos con la obligación de promover procesos judiciales más accesibles a

la ciudadanía que permitan el acceso fácil, económico y efectivo a los procedimientos judiciales, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos. 4 LPRA sec. 24u.

La decisión mayoritaria me parece errada de dos maneras; una, por no extender la norma de *Silva Barreto v. Tejada Martell* a los hechos de este caso y dos, en la alternativa y, aun cuando el razonamiento a mi entender es errado, ni siquiera permitirle a la parte apelante seleccionar cuál de los dos dictámenes escogería revisar. Al fin y al cabo, se está penalizando a la parte por no pagar por la revisión de dos dictámenes y solo pagar por uno, pero ni siquiera uno se le revisará.

En San Juan, Puerto Rico, a 17 de diciembre de 2024.


Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones