ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**LUIS EUGENIO CRUZ OLMEDO**<br><br>Peticionario | KLCE202500112 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Fajardo**<br><br>Caso Núm.: **NSCR202200079**<br><br>Sobre:<br>Art. 6.14 Disparar o Apuntar Armas de Fuego |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante nos, mediante recurso de *certiorari*, Luis Eugenio Cruz Olmedo (Peticionario o Cruz Olmedo) y nos solicita que revisemos la *Orden* emitida el 9 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).[1] Mediante esta, el TPI declaró No Ha Lugar la *Moción al Amparo de la Regla 185* presentada por Cruz Olmedo.

Por los fundamentos que discutiremos a continuación, desestimamos el recurso presentado.

## I.

Según la información que obra en los autos originales, elevados en calidad de préstamo, el 28 de noviembre de 2022, el TPI emitió una *Sentencia en Ausencia* en contra del Peticionario y le ordenó a cumplir once (11) años de cárcel al encontrarlo culpable de las siguientes infracciones: dos (2) violaciones al Artículo 6.14 de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019, según

---

[1] Apéndice de recurso de *certiorari*, pág. 1.

Número Identificador
RES2025 _____

enmendada, 25 LPRA sec. 466m (Disparar o Apuntar Armas de Fuego); y, una (1) violación, en calidad de tentativa, al Artículo 127-B del Código Penal de Puerto Rico, Ley Núm. 146-2012, según enmendada, 33 LPRA sec. 5186b (Maltrato a Personas de Edad Avanzada Mediante Amenaza).[2] Según la *Hoja de Control Sobre Liquidación de Sentencias*, cumple su sentencia el 13 de agosto de 2033 y el mínimo el 25 de julio de 2026.[3]

Así las cosas, el 2 de diciembre de 2024, el Peticionario presentó una *Moción al Amparo de la Regla 185* ante el TPI y solicitó que se le aplicara el sub-inciso (b) del Artículo 6.14 de la Ley de Armas, *supra*.[4] Este sub-inciso aplica en los casos en los que el acusado "intencionalmente apunte hacia alguna persona con un arma de fuego, aunque no le cause daño a persona alguna". *Íd.* Cruz Olmeda alegó que el TPI no aplicó aquel sub-inciso "como lo [hizo] en el delito 127B CP".[5] Tras considerar la solicitud del Peticionario, el 9 de diciembre de 2024, el TPI la declaró No Ha Lugar.[6]

Inconforme, el Peticionario compareció ante nos por derecho propio y en *forma pauperis*. Arguyó que la no aplicación del sub-inciso (b) del Artículo 6.14 le impedía acceso a varios programas beneficiosos disponibles a confinados en las instituciones penales. No obstante, en su comparecencia, no anejó la solicitud para comparecer sin pagar los sellos y aranceles necesarios, por lo que este Foro le concedió un término para que nos hiciera llegar la solicitud y se pudiese perfeccionar el recurso. Transcurrido dicho término, señalamos que el Peticionario nunca nos presentó la solicitud de autorización para comparecer en *forma pauperis*.

---

[2] Autos Originales, Crim. Núm. NSCR202200079 al 81, págs. 85-86.
[3] *Íd.*, pág. 96D.
[4] Apéndice, *supra*, págs. 3-5.
[5] *Íd.*, pág. 4.
[6] *Íd.*, pág. 1.

## II.

## A.

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, *supra*, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

**B.**

El Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, exige la cancelación de aranceles como requisito para la presentación de un recurso de *certiorari*, conforme a lo dispuesto en la Regla 33 (A) del Reglamento, *Íd.*, R. 33 (A). La Sección 5 de la Ley de Aranceles de Puerto Rico, Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1481, dispone de manera clara que:

> **Todos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal serán nulos y sin valor** y no se admitirán como prueba en juicio **a menos que dicho pago esté debidamente evidenciado**, conforme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien éste(a) delegue.

*Íd.* (Énfasis nuestro).

Ahora bien, el pago de aranceles podrá ser excusado si la parte demuestra que no tiene los medios para realizar aquel pago. Es por

esto por lo que ha sido la política pública del Poder Judicial y del Tribunal General de Justicia de Puerto Rico permitir la comparecencia en *forma pauperis* o en estado de indigencia. Reglas 2 y 78 del Tribunal de apelaciones, *supra*, Rs. 2 y 78. De entenderlo necesario, la parte podrá presentar los documentos necesarios, cumpliendo así con las disposiciones reglamentarias.

Por lo tanto, la parte tiene el deber de presentar la solicitud de comparecencia en *forma pauperis*, por lo que la falta de su presentación priva a este Tribunal de jurisdicción. "Un escrito que deba presentarse dentro de determinado plazo y que por ley deba acompañarse de determinados sellos de rentas internas se tiene por no presentado y no interrumpe dicho plazo si se omite incluir los sellos". *Maldonado v. Pichardo*, 104 DPR 778, 781-782 (1976). Este requisito "no menoscaba derechos de clase alguna, no suspende el ejercicio de tal derecho, no viola ningún precepto de nuestra Carta Orgánica". *Vázquez v. Rivera*, 69 DPR 947, 951 (1947). El hecho de que la parte se encuentre confinada en una institución penal no lo exime de su deber de cancelar los sellos correspondientes.

**III.**

Luego de evaluar la totalidad del expediente, desestimamos el recurso presentado por este Tribunal carecer de jurisdicción para atender el mismo. Una lectura del proceder del caso demuestra que el Peticionario no canceló los sellos arancelarios necesarios para presentar el recurso apelativo. Tampoco presentó una solicitud para comparecer en *forma pauperis*, pese este Foro haberle concedido un término para hacerlo. Los tribunales tenemos un deber de examinar nuestra jurisdicción, incluso cuando la falta de jurisdicción no haya sido planteada por ninguna de las partes. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). La Regla 83 del Reglamento del Tribunal de Apelaciones, supra, R. 83, permite que el Tribunal de

Apelaciones, a iniciativa propia, desestime un recurso de apelación por carecer de jurisdicción. En consecuencia, desestimamos el recurso conforme a la Regla 83 (B) (1) del Tribunal de Apelaciones, *supra*, R. 83 (B) (1) al no haberse cancelado los sellos adecuados o presentado una solicitud para comparecer de forma *pauperis*.

**IV.**

Por los fundamentos discutidos, desestimamos el recurso presentado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones