El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Como resultado de una investigación realizada por la Oficina del Fiscal Especial Independiente (FEI), se pre-sentó ante el Tribunal de Primera Instancia, Sala de Ma-yagüez, una acusación por cuatro cargos graves contra el ex alcalde de Hormigueros Francisco Javier Rivera Toro (Rivera Toro).(1) Celebrado el juicio por jurado, éste rindió veredicto de culpabilidad en tres de los cuatro cargos por los que se les acusó.(2) El mismo día en que el Jurado rindió veredicto, es decir, el 4 de junio de 2005, el tribunal de instancia ordenó el ingreso de Rivera Toro en una institu-ción penal y señaló el acto de lectura de sentencia. A los tres días de rendido el veredicto, la representación legal de Rivera Toro presentó una solicitud para regrabar y trans-cribir el proceso, la cual fue declarada “con lugar”.
En octubre de 2005, Rivera Toro presentó una solicitud de nuevo juicio o desestimación por falta de jurisdicción en la que le imputó una serie de errores al tribunal de instancia. Para tal petición se valió de la regrabación y transcripción de los procedimientos del juicio, parte de la cual fue utilizada en sus argumentos.(3) Luego de una vista argumentativa, el tribunal de instancia declaró “sin lugar” la referida solicitud.
*141 El 16 de diciembre de 2005, el tribunal de instancia sen-tenció a Rivera Toro a cumplir condena de prisión, más una pena especial de $300. Inconforme, Rivera Toro apeló la sentencia. Además, presentó una solicitud de fianza en apelación ante el tribunal de instancia, la cual fue decla-rada “con lugar” el 12 de enero de 2006.
El 24 de enero de 2006, el Tribunal de Apelaciones emi-tió una resolución para que las partes sometieran sus ale-gatos en conformidad con la Regla 28 del Reglamento del Tribunal de Apelaciones, 4 L.RR.A. Ap. XXII-A. Posterior-mente, la representación legal de Rivera Toro solicitó del tribunal intermedio apelativo sesenta días para someter la exposición narrativa de la prueba. Tal petición fue conce-dida mediante Resolución de 15 de febrero de 2006. Expi-rado el término sin que Rivera Toro hiciera trámite alguno en el caso, el 16 de junio de 2006 el FEI solicitó la desesti-mación de la apelación, de acuerdo con la Regla 83(B)(3) y (4), y (C) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-A.
El 22 de junio de 2006, el Tribunal de Apelaciones emi-tió una resolución para ordenar a Rivera Toro que mos-trara causa por la cual nó debía declarar “con lugar” la moción de desestimación.(4) Oportunamente, Rivera Toro compareció y presentó la transcripción de la prueba oral. En su escrito, reclamó “haber realizado esfuerzos y traba-jado afanosamente” para preparar la exposición narrativa, lo que no había sido posible por lo distante entre las ofici-nas de los abogados que representan al peticionario y por los múltiples compromisos de ambos en los distintos tribunales.(5) Adujo, además, que dados los errores señala- *142 dos, se había considerado que era necesaria la transcrip-ción de los testimonios y de las instrucciones impartidas por el tribunal de instancia.
En una moción informativa presentada por el FEI el 8 de agosto de 2006, éste alegó que la transcripción sometida por el señor Rivera Toro carecía de certificación y se desco-nocía su autor. A su vez, adujo que confrontó serios incon-venientes al examinarla porque contenía un sinnúmero de instancias en las cuales se utilizaba la palabra “ininteligible”. Indicó que al cotejar la transcripción con la que realizó su oficina, encontró incongruencias, por lo que solicitó la regrabación que el peticionario hizo de los proce-dimientos para estar en condiciones de informar al tribunal si aceptaba la transcripción sometida como la oficial o señalar cualquier diferencia significativa. Subsiguiente-mente, Rivera Toro entregó a la Oficina del FEI su regra-bación de los procedimientos.
El Tribunal de Apelaciones dictó sentencia para desesti-mar la apelación el 25 de agosto de 2006.(6) Fundamentó su decisión en que el señor Rivera Toro no había cumplido con la orden de mostrar causa, lo que sumado a otras incom-parecencias demostraba abandono de la apelación. Inme-diatamente, el FEI le solicitó al tribunal de instancia que revocara la fianza de Rivera Toro, lo que ordenó dicho foro el 8 de septiembre de 2006.(7) Rivera Toro presentó una reconsideración ante el Tribunal de Apelaciones, la que fue denegada.
Inconforme con la desestimación de la apelación, Rivera Toro recurrió ante este Tribunal —mediante un recurso de *143 certiorari— imputándole al foro apelativo intermedio ha-ber errado al
... permitir la participación y darle curso a una moción en solicitud de desestimación presentada por el Departamento de Justicia del Estado Libre Asociado de Puerto Rico, por con-ducto del Procurador General, en un caso que dicho Departa-mento había referido a la Oficina del Fiscal Especial Indepen-diente, la cual había designado un F.E.I., y éste estaba manejando el proceso.
... desestimar el 25 de agosto de 2006, la apelación del ahora peticionario, por alegadamente éste no haber cumplido con una orden del 22 de junio de 2006, no empece al hecho de que desde el 18 de julio de 2006, o sea 38 días antes, el peticionario había radicado el escrito en cumplimiento con dicha orden, la cual era de fácil hallazgo, pues iba acompañada con una trans-cripción compuesta por 1,085 folios.
... resolver que el apelante y ahora peticionario había aban-donado la apelación por él presentada en el caso El Pueblo de Puerto Rico v. Francisco Javier Rivera Toro, apelación número KLAN 2005-01622, y por consiguiente desestimar la misma. Petición de certiorari, pág. 8.
Examinada la petición de certiorari, emitimos una Re-solución en la que le ordenamos al Estado, por conducto del FEI, que mostrara causa por la cual no debía expedirse el auto solicitado, dictar Sentencia revocatoria y reinstalar la apelación ante el tribunal intermedio. Contando con la comparecencia de ambas partes, y estando en condiciones de resolver el recurso presentado, procedemos a así hacerlo. Revocamos', veamos por qué.
 A. En nuestra jurisdicción, al igual que en la ju-risdicción federal, el derecho a apelar una convicción criminal es de naturaleza estatutaria.
Hace más de un siglo el Tribunal Supremo de Estados Unidos resolvió en McKane v. Durnston, 153 U.S. 684 (1894), que sin importar el tipo de ofensa o su gravedad, un *144 acusado convicto no tiene derecho constitucional a apelar su convicción. La Corte Suprema federal afirmó que el de-recho a apelar y la determinación de las circunstancias y condiciones bajo las cuales procedería es materia que compete a los Estados. Tales expresiones han sido reiteradas consistentemente por el Supremo federal. Martinez v. Court of Appeal, 528 U.S. 152 (2000).
Como el derecho a apelar es de naturaleza estatutaria, existe siempre que haya una ley que lo conceda. Vázquez v. Rivera, 69 D.P.R. 947 (1949). En Puerto Rico, el ordenamiento procesal apelativo reconoce el derecho a apelar las sentencias dictadas por los tribunales inferiores. Gran Vista I v. Gutiérrez y otros, 170 D.P.R. 174 (2007). Por su. naturaleza, es la Asamblea Legislativa quien tiene el poder de establecer las formas en que se puede ejercer tal derecho. Padilla v. García, 61 D.P.R. 734 (1943). En consecuencia, el derecho a apelar no es automático, sino que depende de que los litigantes cumplan con las normas legales y reglamentarias para perfeccionarlo.
Los requisitos aplicables al perfeccionamiento de un recurso de apelación ante el Tribunal de Apelaciones están contenidos en el Reglamento del Tribunal de Apelaciones de 2004, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Ley de la Judicatura de 2003) (4 L.P.R.A. see. 24 et seq.), y las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. Los litigantes y sus representantes legales deben observar rigurosamente las disposiciones legales y reglamentarias aplicables al perfeccionamiento de los recursos apelativos. Pellot v. Avon, 160 D.P.R. .125 (2003); Gran Vista v. Gutiérrez y otros, ante. No queda al arbitrio de los abogados decidir las disposiciones reglamentarias que se deben cumplir y cuándo las acatarán. Id.
El Reglamento del Tribunal de Apelaciones esta- *145 blece los motivos por los cuales una parte puede solicitar en cualquier momento la desestimación de un recurso. Re-gla 83 del Tribunal de Apelaciones, 4 L.RR.A. Ap. XXII-A. En lo pertinente, el inciso (3) de la Regla 83 dispone que tal petición procede cuando el recurso no se ha presentado o proseguido con diligencia o buena fe. Id. Además, y según surge del inciso (4) de la referida regla, puede solicitarse la desestimación cuando el recurso es frívolo y surge clara-mente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos. íd.
El incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados, tanto en el Tribunal de Apelaciones como en este Tribunal, podría conllevar la desestimación del recurso. Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 659 (1987). En consecuencia, debemos reconocer el poder discrecional que tiene el Tribunal de Ape-laciones, según su reglamento, de desestimar un recurso o eliminar las alegaciones de una parte.
No obstante, en nuestro ordenamiento jurídico existe un interés importante de que las controversias se resuelvan en los méritos. Pueblo v. Rodríguez Ruiz, 157 D.P.R. 288 (2002); Soc. de Gananciales v. García Robles, 142 D.P.R. 241 (1997). La Ley de la Judicatura de 2003 reitera dicho interés cuando, en su Art. 4.002, afirma que “[e]l Tribunal de Apelaciones deberá ... ofrecer acceso fácil, económico y efectivo á sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos”. 4 L.P.R.A. sec. 24u.
Por lo tanto, es necesario establecer un balance entre el deber de las partes de cumplir con las leyes y los reglamentos procesales, y el derecho estatutario de los ciudadanos de que su caso sea revisado. Román et als. v. Román et als., 158 D.P.R. 163 (2002). Para lograr tal balance *146 se ha establecido, como norma general, que el mecanismo procesal de la desestimación, como sanción, se debe utili-zar como último recurso. Salinas S.L.G. v. Alonso, 160 D.P.R. 647 (2003). La desestimación de un caso como san-ción debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado, clara e inequívo-camente, la desatención y el abandono total de la parte con interés, y luego que otras sanciones hayan probado ser in-eficaces en la administración de la justicia. En todo caso, no se debe decretar una desestimación sin un previo apercibimiento. Mun. de Arecibo v. Almac. Yakima, 154 D.P.R. 217 (2001).
Sólo procede que se desestime un recurso por incumpli-miento con el reglamento cuando haya provocado un “im-pedimento real y meritorio para que el tribunal pueda atender el caso en los méritos”. Román et als. v. Román et als., ante, págs. 167-168. Por las razones expuestas, el tribunal apelativo intermedio debe utilizar medidas menos extremas para propiciar el perfeccionamiento diligente de los recursos ante su consideración. Id.
Este Tribunal estableció en Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982), la tan reiterada norma de que cuando un tribunal de instancia tiene ante sí un caso civil que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe imponerlas al abogado. Cuando estas medidas menos drásticas no tengan efectos positivos, procede la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después de que la parte haya sido informada y apercibida de la situación y de sus consecuencias si no se corrige. Id. Tal pauta jurisprudencial fue aplicada al proceso apelativo. Véase López Rivera v. Rivera Díaz, 141 D.P.R. 194 (1996).
Al respecto, este Tribunal sólo se había expresado sobre esto en causas civiles. Es lógico razonar, sin embargo, que si en el campo civil el mecanismo de la desestimación *147 debe ser el último recurso para preservar la dignidad y la disciplina en los tribunales, más aún debe serlo en el campo criminal en el cual está en juego la reputación y libertad de un ser humano. Por lo tanto, en causas crimi-nales, el Tribunal de Apelaciones debe utilizar medidas menos drásticas que la desestimación para propiciar que se perfeccionen diligentemente los recursos ante su consideración. Únicamente cuando el incumplimiento de la parte interesada impida que el tribunal pueda atender el caso en los méritos, o cuando el abandono de la apelación por la parte sea tal que resulten ineficaces las sanciones menos extremas, se puede proceder a desestimar el re-curso, siempre luego de que la parte se le aperciba e in-forme de la desestimación y de sus consecuencias.
B. El Art. 4.008 de la Ley de la Judicatura de 2003 (4 L.P.R.A. see. 25) y la Regla 85 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-A, autorizan a los jueces del tribunal apelativo intermedio a imponer sanciones económicas en todo caso y en cualquier etapa a una parte o a su abogado por la interposición de recursos frívolos o que se presentan para retrasar los procedimientos, o por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. El tribunal, a su discreción, puede decretar a favor de quién serán los fondos provenientes de la sanción económica, es decir, a una parte, su abogado o abogada, o en beneficio del Estado. El propósito de esta Regla 85 es brindarle al tribunal una herramienta para agilizar los procedimientos, evitando demoras y congestión en los tribunales. Olivencia et als. v. Hosp. Dr. Pila, 155 D.P.R. 421 (2001).(8)
*148 En consecuencia, debemos concluir que la ley y el regla-ménto autorizan a los jueces del Tribunal de Apelaciones a imponer sanciones económicas a los abogados o a las par-tes, en casos criminales, por los fundamentos antes especificados.
í — 1 ( — I -
A pesar de los varios señalamientos de error que indi-cara Rivera Toro en su recurso de certiorari, la controver-sia en este caso se centra en si el Tribunal de Apelaciones actuó correctamente al desestimar el recurso de apelación por entender que el apelante abandonó la apelación, sin antes imponer sanciones menos extremas e informar a la parte sobre la situación y sus consecuencias, aun cuando esta fuera una causa criminal.
La representación legal del señor Rivera Toro alega que no abandonó la apelación y que, en todo caso, no procedía la desestimación del recurso porque no se le informó ni apercibió á la parte sobre la desestimación y sus consecuencias. Por otro lado, el FEI aduce que el aquí pe-ticionario, a pesar de que tuvo en su poder la regrabación de los procedimientos por un tiempo considerable, solicitó al tribunal una prórroga para entregar la transcripción de la prueba oral. Expirado su término, no fue hasta que el tribunal emitió la orden de mostrar causa que produjo la transcripción, por lo tanto, no procedió de modo diligente *149 ni de buena fe. Aun cuando no hay duda de que hubo in-cumplimiento, (9) nos inclinamos a resolver que se debe reinstalar la apelación.
h-H H-l h — (
A pesar de la falta de diligencia de la representación legal de Rivera Toro en el procedimiento apelativo, el tribunal apelativo intermedio, en primer término, no impuso una sanción a los abogados por su incumplimiento. Tampoco informó a la parte de las actuaciones de sus abogados ni la apercibió de la posibilidad de la desestimación del recurso y sus consecuencias. Desestimar el recurso de apelación sin advertir a la parte de la actuación negligente *150 o culposa de sus abogados y sus consecuencias puede pro-vocar una grave injusticia, más aún en un caso criminal donde se afecta la libertad y reputación de la persona.
IV
Por la normativa antes expuesta, y tomando en cuenta los hechos particulares del caso de autos, procede imponer una sanción económica a la representación legal del señor Rivera Toro. La sanción se fija en $2,500, la cual, debe ser pagada en sellos de rentas internas, que se cancelarán en la Secretaría del Tribunal de Apelaciones dentro de un plazo de treinta días desde la notificación de la presente opinión y Sentencia. Una vez satisfecha la sanción, los procedi-mientos deben reinstalarse en el tribunal apelativo intermedio. Habida cuenta de lo anterior, se hace inmerito-rio discutir los demás señalamientos de error. Procede, en consecuencia, expedir el auto de “certiorari” y dictar una Sentencia que revoque la emitida por el Tribunal de Apela-ciones en el presente caso y devolverlo a dicho foro para procedimientos ulteriores compatibles con lo aquí resuelto.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez se inhibió.

 Los cargos por los que se acusó a Rivera Toro fueron una infracción al Art. 3.2(c) de la Ley de Etica Gubernamental del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 1822(c); una infracción al Art. 166(a) del Código Penal de Puerto Rico de 1974 (33 L.P.R.A. sec. 4272(a)) (apropiación ilegal agravada de propiedad pública), y dos infracciones al Art. 210 del Código Penal de Puerto Rico de 1974 (33 L.P.R.A. secs. 4272(a) y 4361) (soborno agravado).

 El Jurado encontró culpable a Rivera Toro de infringir la Ley de Etica Gu-bernamental, por el cargo de apropiación ilegal agravada y por uno de los cargos de soborno agravado. Rindió, a su vez, veredicto absolutorio en el otro cargo de soborno agravado.

 En la solicitud de nuevo juicio Rivera Toro transcribió, entre otras cosas, parte de las instrucciones que le impartió el tribunal de instancia al Jurado, expre-siones del tribunal relativas a cuestiones de derecho discutidas en ausencia del Ju-rado y parte del testimonio de unos testigos de cargo.

 Posteriormente, el Procurador General de Puerto Rico solicitó la desestima-ción por el fundamento de que Rivera Toro no había cumplido con la orden de mos-trar causa.

 En la oposición a la Petición de cet-tiorari, la Oficina del Fiscal Especial Independiente (FEI) alegó no haber recibido llamada o escrito alguno —de la repre-sentación legal de Rivera Toro — dirigido a su oficina sobre los esfuerzos hechos para realizar la exposición narrativa.

 En su sentencia, el tribunal apelativo intermedio se refiere a la moción de desestimación presentada por el FEI, no así a la que presentó el Ministerio Público. Ello porque en el presente caso es el FEI el representante del Estado.

 El señor Rivera Toro se encuentra en la libre comunidad con el Programa de Reinserción Comunitaria —el cual pertenece a la Administración de Corrección y Rehabilitación— luego de cumplir el diez por ciento de la sentencia.

 Resolvimos en Pueblo v. Vega Jiménez, 121 D.P.R. 282 (1988), que los tribu-nales de instancia no están facultados, en relación con el calendario de causas cri-minales, a imponerle sumariamente a las partes o a sus abogados sanciones econó-micas por conducta que entiendan subvierte y atenta contra una eficaz y ordenada admi- *148 nistración de los asuntos judiciales ante su consideración. Fundamentamos dicha conclusión en el hecho de que, a diferencia del campo civil, no existe —en relación con el calendario de causas criminales— autoridad estatutaria o reglamentaria al-guna que autorice tal imposición. íd. Ni las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. Ap. II-B, ni las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, disponen para la imposición de sanciones económicas sumariamente. El magistrado del tribunal de instancia que preside los procesos en un caso criminal tiene a su disposición otros remedios para vindicar la dignidad del tribunal o impedir que se entorpezcan los procedimientos,.como lo son las costas interlocutorias y el mecanismo del desacato, tanto el civil como el criminal. Pueblo v. Vega Jiménez, ante; Pueblo v. Ferrer Rosario, 138 D.P.R. 542, 555 (1995); 4 L.P.R.A. sec. 24o.

 En primer lugar, y como se expresara en la relación de hechos, el Tribunal de Apelaciones, a solicitud de la representación legal de Rivera Toro, concedió un tér-mino para someter la transcripción narrativa de la prueba. Expirado el mismo, el FEI interpuso una moción de desestimación bajo la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 L.RR.A. Ap. XXII-A. El tribunal intermedio apelativo procedió a emitir una orden de mostrar causa por la cual no debiera desestimar el recurso. Oportunamente, Rivera Toro cumplió con la orden y presentó la transcrip-ción narrativa. El Tribunal de Apelaciones desestimó y fundamentó su decisión en que Rivera Toro no había cumplido con la orden emitida. La representación legal de Rivera Toro compareció luego de haber sido apercibida de la desestimación. Además, a solicitud del FEI, le hizo entrega de la regrabación de la prueba oral sin que el tribunal lo ordenara.
Una de las razones por las cuales'la representación de Rivera Toro alega no haber podido cumplir con el término para entregar la reproducción de la prueba oral era que “dados los errores señalados, se había considerado que era necesaria la transcripción de los testimonios, así como las instrucciones impartida[s] por el Tribunal de] Ptrimera] I[nstancia]”. Petición de certiorari, pág. 4. Surge del expe-diente que la representación legal de Rivera Toro debía tener en su poder la regra-bación de la prueba antes de iniciar el procedimiento apelativo porque el tribunal de instancia había declarado “con lugar” una solicitud del peticionario para regrabar y transcribir el proceso. Posteriormente, Rivera Toro presentó una solicitud de nuevo juicio en la cual transcribió, entre otras cosas, parte de las instrucciones que le impartió el Tribunal de Primera Instancia al Jurado relativas a cuestiones de dere-cho discutidas en ausencia de Jurado y parte del testimonio de unos testigos de cargo. A su vez,' los señalamientos de error en la solicitud de nuevo juicio son los mismos que utilizó el señor Rivera Toro én el escrito de apelación.
La defensa de Rivera Toro alegó que otra de las razones por las cuales no pudo cumplir con el término para entregar la transcripción de los procedimientos de la prueba oral era la distancia entre las oficinas de los abogados de la defensa, así como los múltiples compromisos de ambos en los distintos tribunales. Sin embargo, de un examen de los autos del caso surge que todas las mociones ante nuestra considera-ción presentadas por la defensa fueron firmadas solamente por uno de los abogados, el Ledo. José M. Toro Iturrino.