Andrés y Luciana Aybar Muñoz, peticionarios, *v.* Corte de Distrito de San Juan, Hon. Pablo Berga, Juez, demandado.

No. 1006.—*Sometido:* Febrero 1, 1935. *Resuelto:* Febrero 28, 1935.

Los peticionarios comparecieron por su propio derecho; *Juan B. Soto, Juan F. Soto* y *M. R. de la Vega,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Andrés y Luciana Aybar iniciaron, en 1927, una acción sobre nulidad de declaratoria de herederos contra Natalia Vara Smith. Al radicar su demanda, los demandantes obtuvieron el beneficio de pobreza de acuerdo con la sección 7 de la Ley No. 17, aprobada el 11 de marzo de 1915 (pág. 45). Dictada sentencia en su contra, apelaron para ante este tribunal y optaron por el procedimiento de la transcripción de evidencia. Solicitaron que se ordenase al taquígrafo la preparación de dicha transcripción y así lo dispuso la corte de distrito. Después de repetidas prórrogas para presentarla, los demandantes radicaron una moción solicitando se concediese al taquígrafo un plazo perentorio para que preparase y archivase dicha transcripción.

En oposición a esta moción alegó el taquígrafo que el beneficio de pobreza concedido a los demandantes no cubría los trámites de apelación y que, aun en el caso de que los cubriese, la obligación de transcribir la evidencia debe limitarse

a sus notas, sin incluir la prueba documental, que en este caso ocuparía alrededor de quinientas páginas a maquinilla, mientras que las notas taquigráficas se reducen a unas veinticinco páginas.

La corte inferior resolvió que el beneficio de pobreza incluía los servicios del taquígrafo después de interpuesta la apelación, pero creyó que este funcionario podía limitarse a transcribir las notas taquigráficas y así lo ordenó, dejando a cargo de los demandantes la preparación por su cuenta de la transcripción de la evidencia documental. Apelaron los demandantes de la resolución de la corte y mientras pendía este recurso en el Tribunal Supremo, solicitaron y obtuvieron repetidas prórrogas a fin de proteger y mantener vigente su derecho de apelación contra la sentencia pronunciada sobre los méritos del pleito. En 17 de noviembre de 1933 esta corte se negó a desestimar dicho recurso por entender que no estaba en condiciones de resolver la cuestión de frivolidad planteada por la parte apelada, sin conocer la prueba practicada. En diciembre 5 de 1934 esta corte se negó a desestimar, por no considerarlo frívolo, el recurso interpuesto contra la resolución que ordenaba al taquígrafo la transcripción de las notas taquigráficas, con exclusión de la prueba documental. En diciembre 27, 1934, solicitaron los demandantes una nueva prórroga y habiéndose opuesto la parte apelada a su concesión, la corte inferior dictó la siguiente resolución:

"Vista la moción de los demandantes, sobre prórroga para radicar la transcripción de evidencia, y la moción del demandado oponiéndose a que se concedan más prórrogas para tal fin, se concede a los demandantes una última prórroga de treinta días para que el taquígrafo Sr. Oscar A. Gandía, de acuerdo con la orden de este tribunal de fecha de 10 de octubre de 1933, prepare y radique la transcripción de las notas taquigráficas del juicio de este caso."

Pidieron los demandantes la reconsideración de la resolución que antecede, alegando que se concedía una última prórroga de acuerdo con la orden de 10 de octubre de 1933, y

que no cabía tal pronunciamiento porque dicha orden había sido apelada. Solicitaron la eliminación de la palabra "última". La moción de reconsideración, cuya vista se celebró en 21 de enero de 1935, cuando ya el taquígrafo había radicado la transcripción de las notas taquigráficas, fué declarada sin lugar. Al resolver esta moción, dijo así el tribunal inferior:

"Oportunamente la corte señalará día para la aprobación de la transcripción de evidencia, teniendo en cuenta que falta la transcripción de la evidencia documental, trabajo que corresponde hacer a los demandantes de acuerdo con la resolución del juez Sr. de Jesús de 10 de octubre de 1933, y que fué apelada el día 19 de dicho mes y año."

■■ Negada la reconsideración, los peticionarios establecieron el presente recurso de *certiorari*. No discutimos nosotros la facultad discrecional de la corte inferior para conceder prórrogas, pero creemos que en este caso el tribunal *a quo* ha ido más allá de sus atribuciones. El hecho de haberse concedido una última prórroga, estando pendiente una apelación contra una orden que, de ser revocada, impondría al taquígrafo y no a los apelantes el deber de transcribir la prueba documental, acusa por sí solo un claro abuso de discreción. Pero el tribunal *a quo* va aún más allá, desde el momento en que concede esta prórroga de acuerdo con una orden que ha sido apelada y que contiene un pronunciamiento que tuvo que quedar en suspenso al promoverse la apelación. No obstante, la corte inferior insiste en imponer a los demandantes el deber de preparar la transcripción de la evidencia documental, a pesar del recurso interpuesto contra la resolución referida. Los términos en que aparece redactada la orden recurrida demuestran claramente que la corte inferior no tuvo jurisdicción para dictarla.

*Opinamos que dicha orden debe ser anulada.*