EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL CRUZ DÍAZ, acusado y apelante.

Núm. 8232.—*Sometido:* Junio 8, 1940. *Resuelto:* Junio 14, 1940.

*L. Santiago Carmona,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Luego de un juicio, el apelante Rafael Cruz Díaz fué convicto del delito de acometimiento y agresión grave. Apeló y, apoyado por dos declaraciones juradas, solicitó que la transcripción de la evidencia y los servicios de la corte le fueran suministrados gratis por ser insolvente. El día señalado para oír la moción el apelante dejó de comparecer y argumentar su caso y la corte resolvió que las declaraciones juradas eran insuficientes para justificar la moción en que el apelante solicitaba se le permitiera litigar *in forma pauperis.* El apelante radicó una moción de reconsideración que fué igualmente denegada. La resolución o resoluciones de la corte denegándole el derecho a proceder *in forma pauperis* se basan fundamentalmente en declaraciones juradas que contienen alegaciones de insolvencia y carencia de fondos.

Uno sólo tiene que examinar el párrafo 67 de la Ley de Quiebras y 32 C. J. 805, *et seq.,* para ver que la palabra "insolvencia" no es la manifestación de un hecho último *(ultimate fact)* sino una conclusión de derecho. Un hombre puede ser enteramente insolvente bajo cualquier definición que se dé a esa palabra y no obstante estar en condiciones de levantar los fondos necesarios para la tramitación de un caso. Bajo la Ley de Quiebras la tramitación del caso se

90

paga con prioridad a cualesquiera otras deudas. Las demás alegaciones contenidas en las declaraciones juradas no eran suficientes para permitir a la corte juzgar la imposibilidad material del acusado de pagar los honorarios del taquígrafo y las costas de la corte. Así lo resolvemos, mas si tuviéramos duda a este respecto, debería prevalecer la discreción de la corte inferior. *Pueblo* v. *Lawton y Comas,* 46 D.P.R. 184.

██ Sucede que el día de la vista el taquígrafo compareció y se opuso a que se declarara con lugar la moción. El apelante se queja de que no fué notificado de la oposición del taquígrafo. El dejar de notificar al acusado no fué perjudicial si un examen de los autos nos convence de que la moción debe ser declarada sin lugar, con o sin la oposición del taquígrafo. El apelante no radicó *affidavit* de méritos y esta falta milita contra cualquier derecho que él pudiera haber tenido a que se revisara la actuación de la corte inferior.

██ Por primera vez, ante este tribunal, el apelante sostiene que el taquígrafo está obligado a suministrarle sus notas taquigráficas sin cobrar honorarios. Esto fué resuelto en sentido contrario en el caso de *El Pueblo* v. *Lawton y Comas,* supra.

*No hallamos méritos en este recurso y la resolución apelada de la corte debe ser confirmada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. De Jesús no intervinieron.