ANDREA PADILLA DÍAZ, demandante, apelada y apelante, *v.* CARLOS GARCÍA DE QUEVEDO, demandado, apelante y apelado.

Núm. 8679.—*Sometido:* Marzo 29, 1943. *Resuelto:* Abril 5, 1943.

*E. Martínez Rivera,* abogado del demandado, apelante y apelado; *Víctor M. Marchand,* abogado de la demandante, apelada y apelante.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La demandante entabló demanda por daños y perjuicios ascendentes a $3,800. Obtuvo sentencia por $600. El demandado apeló de esta sentencia, y ha radicado en apelación el récord necesario, incluyendo la transcripción de evidencia. La demandante también ha apelado. El demandado solicita en su moción que está ahora ante nos que desestimemos la apelación de la demandante por el fundamento de que ésta no ha radicado una transcripción del récord para sostener su apelación.

La demandante afirma que estaba bajo la impresión de que se le permitiría proseguir su apelación haciendo uso del récord, incluyendo la transcripción de evidencia, radicado por el demandado. Su argumento consiste en que, a pesar de que hemos resuelto que una parte que entabla una contraapelación no puede usar el récord en apelación radicado por la parte contraria sin el consentimiento de ésta (*Reyes* v. *Aponte,* 60 D.P.R. 369; *Forés* v. *Balsac,* 28 D.P.R. 3), dicha regla no debe aplicarse a este caso, toda vez que su razonamiento—el uso de un récord por ambas partes cuando existen contraapelaciones requiere corrientemente que se divida el costo del mismo—no es aplicable al presente caso toda vez que la demandante está litigando en *forma pauperis.* Ella alega que el obtener ella del taquígrafo repórter otra copia de la transcripción libre de derechos a los fines de su apelación, hubiera sido una formalidad inútil que conllevaría demora innecesaria y una pérdida de energía.

No hay derecho a entablar una apelación en *forma pauperis* en ausencia de estatuto que expresamente lo autorice. Tal disposición estatutaria se encuentra en una ley aprobada el 10 de marzo de 1904, Leyes de Puerto Rico (Estatutos Revisados de 1911, Sec. 1281), tal como fué enmendada por la Ley núm. 17, Leyes de Puerto Rico, 1915 (pág. 45.) La sección 5 de la ley aprobada el 10 de marzo de 1904,

después de fijar los tipos que puede el taquígrafo cobrar por sus transcripciones, lee como sigue:

". . . *Disponiéndose*, que cuando la referida copia sea requerida a nombre del Pueblo de Puerto Rico o por un acusado en una causa criminal, o su abogado, en los casos en que después de una convicción el acusado en una causa criminal pruebe al tribunal, por medio de una declaración jurada o por otro medio, que él no está en condiciones por razón de su pobreza de pagar por la referida copia, requerida como queda dicho, por él o por su abogado, el taquígrafo expedirá gratis tales copias. Y en todos los casos civiles en que una persona parte en la acción presente una declaración jurada donde conste estar imposibilitada para satisfacer las costas requeridas por la ley, dicha persona tendrá derecho a los servicios gratuitos del taquígrafo del tribunal, en los mismos términos en que éste presta sus servicios a los pobres indigentes en las causas criminales y los derechos del taquígrafo se incluirán en las costas cuando fueren impuestas a la parte que pudiese pagarlas. Dicha copia del récord constituirá *prima facie* del acta del juicio y podrá usarse al hacerse cualquier moción para la celebración de un nuevo juicio, revisión o apelación del mismo, en los casos en que el acta del tribunal sea necesaria.''

Esta sección claramente exige que se solicite de la corte inferior una resolución ordenando al taquígrafo que le entregue a un apelante indigente una copia de la transcripción libre de derechos. Tal solicitud se ha hecho invariablemente en otros casos resueltos por esta corte. *Berríos* v. *Garáu,* 44 D.P.R. 775; *Aybar* v. *Corte,* 48 D.P.R. 179.

Reconocemos el peso del argumento de la demandante apelante al efecto de que la expedición de otra copia de la misma transcripción representaría un esfuerzo innecesario de parte del taquígrafo. Pero tal dificultad pudo haber sido remediada fácilmente mediante una resolución de la corte inferior disponiendo que la transcripción ya radicada por el demandado apelante se consideraría también como de la demandante, siempre y cuando esta última demostrara plenamente que no le es posible pagar el costo de la transcripción fijado por la ley. La demandante en este caso no solicitó la transcripción y no alegó ni probó que *en la fecha en que so-*

*licitaba la transcripción,* era indigente y no podía pagar los honorários del taquígrafo. En ausencia de una decisión de la corte inferior en cuanto a tal insolvencia en aquella fecha y en ausencia de una orden de la corte inferior disponiendo o (*a*) que el taquígrafo le entregara a la demandante una copia de la transcripción libre de derechos o (*b*) que la demandante tenía derecho a usar en su apelación la transcripción radicada por el demandado, la apelación de la demandante debe ser desestimada toda vez que no la ha perfeccionado.

*La moción del demandado para que se desestime la apelación de la demandante será declarada con lugar.*