EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Eliezer Santana Báez<br><br>Recurrido<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Peticionario | Certiorari<br><br>2019 TSPR 72<br><br>202 DPR \_\_\_\_ |

Número del Caso: CC-2017-732

Fecha: 16 de abril de 2019

Tribunal de Apelaciones:

      Región Judicial de Mayagüez – Utuado, Panel XI

Oficina del Procurador General:

      Lcdo. Luis R. Román Negrón
      Procurador General

      Lcda. Carmen A. Riera Cintrón
      Procuradora General Auxiliar

Abogado de la parte recurrida:

      Por derecho propio

Materia: Resolución del Tribunal con Votos particulares de conformidad y Voto particular disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Eliezer Santana Báez<br><br>Recurrido<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Peticionario | CC-2017-0732 | Certiorari |

RESOLUCIÓN

San Juan, Puerto Rico, a 16 de abril de 2019.

Examinado el recurso de *certiorari* presentado por el Departamento de Corrección y Rehabilitación, se declara no ha lugar.

Notifíquese **inmediatamente**.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un Voto particular de conformidad. El Juez Asociado señor Estrella Martínez emitió un Voto particular de conformidad, al cual se unieron la Juez Asociada señora Rodríguez Rodríguez y los Jueces Asociados señores Rivera García y Colón Pérez. El Juez Asociado señor Kolthoff Caraballo emitió un Voto particular disidente, al cual se unieron los Jueces Asociados señores Martínez Torres y Feliberti Cintrón. La Jueza Asociada señora Pabón Charneco no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eliezer Santana Báez

    Recurrido

        v.                     CC-2017-0732

Departamento de Corrección
y Rehabilitación

    Peticionario

La Jueza Presidenta Oronoz Rodríguez emitió un Voto particular de conformidad.

En San Juan, Puerto Rico, a 16 de abril de 2019.

Los Jueces y Juezas de este Tribunal tenemos la responsabilidad indelegable de garantizar que todas las personas puedan acudir a los tribunales en igualdad de condiciones, con independencia de cualquier otro factor que no sea el mérito de sus argumentos. Ello necesariamente conlleva no imponer requisitos procesales adicionales a los que exige nuestro ordenamiento y que, peor aún, afectarían a los más desventajados. Por tanto, estoy conforme con proveer no ha lugar al recurso que presentó el Departamento de Corrección y Rehabilitación.

Es una realidad innegable que, al igual que en otras jurisdicciones, nuestro Tribunal de Apelaciones

funge como el tribunal de última instancia *de facto* para muchos ciudadanos y ciudadanas. De ahí la importancia de que este sea accesible, según lo exige la Ley de la Judicatura de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA secs. 24-25r. En particular, la Ley dispone que "[e]l Tribunal de Apelaciones deberá cumplir con el objetivo […] de dar mayor acceso a la ciudadanía a los procesos judiciales. Deberá ofrecer acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". Art. 4.002 de la Ley de la Judicatura de 2003, 4 LPRA sec. 24u; véase Regla 2 (1) del Reglamento del Tribunal de Apelaciones, 4A LPRA Ap. XXII-B.

Asimismo, establece que este Tribunal aprobará las reglas internas del foro intermedio, "las cuales tendrán como propósito principal proveer un acceso fácil, económico y efectivo a dicho Tribunal". Art. 4.004 de la Ley de la Judicatura de 2003, 4 LPRA sec. 24w. En lo pertinente, ese cuerpo reglamentario contendrá reglas dirigidas a, entre otras cosas, permitir la comparecencia efectiva de apelantes por derecho propio y en *forma pauperis.* Íd. Véase Regla 2 (4) del Reglamento del Tribunal de Apelaciones, 4A LPRA Ap. XXII-B.

Ante la política pública expuesta, al evaluar controversias como la presente, debemos adjudicarlas teniendo como norte los principios de acceso a la justicia, economía procesal y que los casos se ventilen en sus méritos. A esos efectos, corresponde también que seamos conscientes y sensibles a las circunstancias de las poblaciones marginadas.

Por tanto, resultaba improcedente expedir este recurso para dejar sin efecto la determinación del Tribunal de Apelaciones. Ello por alegadamente incumplir con un requisito jurisdiccional inexistente, lo que hubiese afectado la economía procesal y el acceso a los tribunales. Es decir, el hecho de

que el tribunal intermedio haya concedido implícitamente una solicitud para litigar *in forma pauperis* no es un error que amerite revisión, según la reglamentación y la jurisprudencia aplicable. Menos aún para determinar que, por no resolver la solicitud expresamente, dicho foro no tenía jurisdicción para atender el recurso en los méritos. Resolver lo contrario equivaldría a retrasar y complicar innecesariamente el trámite apelativo por un alegado error del tribunal, sobre el cual la parte no tiene control ni capacidad de subsanar.


                                    Maite D. Oronoz Rodríguez
                                    Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Eliezer Santana Báez<br><br>Recurrido<br><br>v.<br><br>Departamento de Corrección y Rehabilitación<br><br>Peticionario | CC-2017-0732 | *Certiorari* |

Voto particular de conformidad emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ, al cual se unen la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ y los Jueces Asociados señores RIVERA GARCÍA y COLÓN PÉREZ

San Juan, Puerto Rico, a 16 de abril de 2019.

Ante la consideración de este Tribunal se encuentra una persona confinada que cumplió con todos los requisitos dispuestos en la ley para litigar in forma pauperis ante el Tribunal de Apelaciones. Ante ello, el foro apelativo intermedio aceptó implícitamente la solicitud de la persona indigente y resolvió la controversia en sus méritos, la cual exigía la intervención inmediata y eficaz de la Rama Judicial.

La firme jurisprudencia que ha reconocido los contornos de la litigación in forma pauperis no exige que el Tribunal de Apelaciones resuelva expresamente la petición de una persona para litigar como indigente. Resolver lo contrario laceraría el acceso de las personas indigentes a los foros judiciales, pues añadiría un requisito formal y jurisdiccional a la litigación in forma pauperis que

constituye una bifurcación innecesaria que no promueve la economía procesal. Como agravante, en este caso, tal actuación redundaría en el absurdo de invalidar una sentencia que prioriza el interés y la protección de la vida de seres humanos. Por tales razones, estoy conforme con denegar la pretensión del Estado.

Dicho lo anterior, procedo a examinar el trasfondo fáctico y procesal de la controversia de epígrafe.

I

El Sr. Eliezer Santana Báez (señor Santana Báez o recurrido) presentó una Solicitud de remedio administrativo ante el Departamento de Corrección y Rehabilitación (Corrección o peticionario). En ella, alegó que éste último trasladó a un confinado al módulo donde está adscrito, sin cumplir con la condición de ser testigo. El señor Santana Báez alegó que, por motivos de seguridad, los confinados que testificarán en procedimientos judiciales son separados del resto de la población de confinados. En consecuencia, arguyó que su vida estaba en peligro, pues se le permitió el acceso de una persona que no será testigo en procedimiento alguno al área protegida de testigos. Por su parte, Corrección desestimó la solicitud dado que entendió que el remedio era fútil o insustancial y que no conllevaba remediar su situación de confinado.

En desacuerdo con tal proceder, el señor Santana Báez acudió oportunamente, por derecho propio, al Tribunal de Apelaciones en revisión judicial. Junto al recurso, el recurrido presentó correctamente una solicitud para litigar in forma pauperis. Entiéndase, el recurrido presentó una

declaración jurada en la que sustentaba su indigencia. Allí, en el recurso de revisión, señaló que Corrección erró al desestimar de plano su solicitud sin canalizar el asunto y al no remover al confinado ubicado erróneamente en su módulo. Fundamentó su solicitud en que el Estado y los confinados acordaron que los reclusos que fueran testigos del Estado o ex funcionarios públicos no serían albergados en las mismas facilidades que la población correccional general, por cuestiones logísticas de seguridad. Asimismo, el recurrido sostuvo que mantener tal condición, es decir, trasladar a confinados no testigos a su módulo, afectaba su seguridad. Por su parte, Corrección presentó su escrito en apoyo a la Resolución recurrida.

Ponderados los argumentos de las partes, el Tribunal de Apelaciones emitió una Sentencia en la cual revocó la Resolución emitida por Corrección. Ello, pues, entendió que el señor Santana Báez cuestionó con suficiente claridad y especificidad la práctica del peticionario "de ubicar confinados en áreas de testigos que plantea un potencial problema de seguridad".[1] Así, pues, resolvió que "[d]ada la importancia del interés jurídico protegido —interés a la vida— correspondía investigar cuidadosamente la situación y brindar al recurrente una respuesta adecuada".[2] Por lo cual, concluyó que Corrección abusó de su discreción y que parecía "irrazonable que un problema de seguridad, aunque sea potencial, **se despache de forma mecánica, irreflexiva e**

---

[1]Sentencia, Apéndice de <u>certiorari</u>, pág. 50.

[2]Íd., pág. 51.

**insensible**".[3] En consecuencia, ordenó que se investigara si la actuación impugnada constituía una amenaza al derecho de la vida del recurrido consagrado en la Carta de Derechos de nuestra Constitución.

Ante ello, Corrección presentó una Moción de reconsideración. En esencia, señaló que el foro apelativo intermedio no emitió una resolución en la que le concediese al señor Santana Báez la oportunidad de litigar como indigente. Asimismo, argumentó que el recurrido tampoco pagó el arancel de presentación, por lo cual, solicitó la desestimación del recurso de revisión. Apoyó su alegación en que el señor Santana Báez cuenta con los medios económicos suficientes para satisfacer el pago del arancel. Atendida la moción, el Tribunal de Apelaciones dispuso no ha lugar, pues determinó que los fundamentos expuestos en la misma no lo movían a variar su sentencia.

Inconforme, Corrección recurrió ante nos. Alega que el foro apelativo intermedio erró al no desestimar la solicitud de revisión judicial a pesar que el señor Santana Báez alegadamente posee medios económicos para pagar el arancel de presentación y no lo hizo; así también, que el recurrido no cualifica para litigar in forma pauperis. De igual forma, en cuanto a los méritos, arguye que el Tribunal de Apelaciones erró al concluir que su decisión de desestimar la solicitud no era adecuada.

Oportunamente, el señor Santana Báez compareció ante este Tribunal por medio de una moción en la que expresa estar de acuerdo con que se expida el recurso de certiorari.

---

[3](Énfasis suplido). Íd.

Asimismo, presentó una <u>Moción en solicitud de urgente remedio</u> en la que solicita que este Tribunal ordene inmediatamente a Corrección a auscultar la posibilidad de remover a unos confinados que "en el lugar destinado para testigos han montado un imperio de abusos, no solo contra los ciudadanos, sino también contra los mismos confinados testigos que estamos aquí para preservarnos de, precisamente, gente como esa que abusa de nosotros".[4]

Por último, el recurrido compareció ante nos en <u>Moción informativa</u> en la que indica que en los próximos días de presentada la moción, su madre estaría pagando los $102 de arancel del recurso presentado ante el Tribunal de Apelaciones. Ello, con el propósito de que este Tribunal tenga que resolver únicamente el caso en sus méritos.

Expuesto el contexto fáctico y procesal de la controversia, procedo a exponer el marco jurídico aplicable a la controversia ante nuestra consideración.


**II**

Como es sabido, es norma general en nuestro ordenamiento que los trámites ante los tribunales requieren el pago de aranceles. Este requisito, al igual que el de adherir los sellos correspondientes, tiene el propósito de "cubrir los gastos asociados a los trámites judiciales". <u>M-Care Compounding et al. v. Depto. Salud</u>, 186 DPR 159, 174 (2012). Por ello, nuestro Código de Enjuiciamiento Civil impone una sanción de nulidad a los documentos judiciales presentados sin el pago de los aranceles correspondientes. 32 LPRA sec.

---

[4]<u>Moción en solicitud de urgente remedio</u>, pág. 3.

1481.

Ahora bien, no todas las personas cuentan con los recursos económicos necesarios para sufragar el pago de aranceles que conlleva un litigio. Por tanto, en aras de fomentar el acceso de las personas indigentes a los tribunales, hemos dispuesto que los litigantes indigentes quedan exentos del pago de aranceles. Rosado v. American Railroad Co., 37 DPR 623, 625 (1928). Ello, conforme al Código de Enjuiciamiento Civil, el cual, específicamente, dispone de la siguiente forma:

> Cualquier persona de Puerto Rico que desee entablar una acción civil o recurso y no pudiere pagar los derechos establecidos por el Tribunal Supremo o los derechos de suspensión requeridos . . ., podrá presentar al(a la) Secretario(a) del Tribunal una declaración jurada exponiendo su imposibilidad de pagar dichos derechos, junto con una copia de la demanda que se propone deducir. El(la) Secretario(a) someterá dicha declaración jurada y la referida demanda o recurso al(a la) Juez(a) del tribunal, según sea el caso, y si dicho(a) Juez(a) juzgare suficiente en derecho la demanda y estimare probada la incapacidad para satisfacer los derechos requeridos . . ., **permitirá** que se anote dicha demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos(as) los(as) funcionarios(as) del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos. . . . Mas, en todo caso, el(la) Juez(a) **podrá requerir cualquier información adicional que creyere necesaria cuando una persona solicita que se le releve del pago de costas**. Los recursos a nivel apelativo o discrecionales que se presenten en el Tribunal de Apelaciones o en el Tribunal Supremo disfrutarán de la referida exención de conformidad al trámite dispuesto. (Énfasis suplido). 32 LPRA sec. 1482.

Para canalizar la referida solicitud, el Reglamento del Tribunal de Apelaciones establece un procedimiento para la litigación in forma pauperis. 4 LPRA Ap. XXII-B, R. 78. Esto, acorde al mandato impuesto por el Artículo 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003. 4 LPRA sec. 24w. A esos efectos, la Regla 78 establece

que, a quien le interese litigar como indigente, deberá presentar una declaración jurada en la que exponga: (1) los hechos que demuestren su incapacidad para pagar los derechos, y (2) su convencimiento de que tiene derecho a un remedio. 4 LPRA Ap. XXII-B, R. 78. Una vez el tribunal conceda la solicitud, "la parte podrá litigar sin el pago de los derechos y las costas". Íd.

Es por todo lo anterior, que hemos reafirmado que "[l]os estatutos aprobados para permitir la litigación in forma pauperis cumplen el propósito de abrir las puertas de los tribunales a todos los ciudadanos, no empece la incapacidad económica de algunos para sufragar los costos asociados a un litigio". Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 191 (2007). De igual forma, son cónsonos con la política pública plasmada en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 que dispone que la Rama Judicial será "accesible a la ciudadanía" y "prestará servicios de manera equitativa, sensible y con un enfoque humanista". 4 LPRA sec. 24a. Así, se promueve el "acceso inmediato y económico a un sistema de justicia **sensible a la realidad de los distintos miembros de la sociedad**". (Énfasis suplido). Fraya v. A.C.T., 162 DPR 182, 189 (2004)) (citando a Exposición de Motivos de la Ley de Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (2003 Leyes de Puerto Rico 971)).

De acuerdo a esa política pública, el Reglamento del Tribunal de Apelaciones tiene como propósito proveer un "acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad, y que informe a la

ciudadanía sobre sus derechos y responsabilidades. . .". 4 LPRA Ap. XXII-B, R. 2. Específicamente, en cuanto a las solicitudes de litigación in forma pauperis, dispone que el Reglamento está dirigido a "[f]acilitar la comparecencia efectiva de ciudadanos por derecho propio y en forma pauperis". Íd.

## III

En este caso, la controversia en los méritos se circunscribe a determinar si la respuesta emitida por la División de Remedios Administrativos de Corrección a la solicitud del señor Santana Báez es adecuada. Corrección establece que sí, dado que la solicitud de remedio no expone hechos que afecten personalmente al confinado ni surge un cuestionamiento sobre seguridad por el hecho de ubicar a otro confinado que no es testigo en el mismo módulo que se encuentra el recurrido. Ante tal controversia, el Tribunal de Apelaciones, correctamente, revocó la Resolución emitida por Corrección. El foro apelativo intermedio resolvió que, toda vez que el interés protegido es la vida del recurrido, correspondía investigar cuidadosamente la situación y brindar al señor Santana Báez una respuesta adecuada. Por tanto, razonó que la solicitud del recurrido no se podía despachar de forma mecánica, irreflexiva e insensible.

No obstante, el peticionario nos exhorta a echar a un lado esa determinación y a enfocarnos en determinar si el recurrido posee medios económicos para efectuar el pago de aranceles. Luego de analizar el recurso presentado ante nos por Corrección, el Código de Enjuiciamiento Civil, el

Reglamento del Tribunal de Apelaciones y la jurisprudencia interpretativa, concluyo que tal proceder es erróneo.

En este caso, el señor Santana Báez cumplió al pie de la letra con las disposiciones aplicables para solicitar litigar in forma pauperis. Aun desde su estado de confinamiento, presentó diligentemente una declaración jurada en la que expuso su incapacidad de pagar los aranceles y su convencimiento de que tiene derecho a un remedio. **Una vez sometida la solicitud, el Tribunal de Apelaciones le concedió implícitamente el permiso para litigar como indigente al disponer de la controversia en sus méritos.**

Empero, Corrección sostiene que el Tribunal de Apelaciones tenía que adjudicar de forma expresa la solicitud para litigar in forma pauperis del señor Santana Báez. En consecuencia, nos exhortan a revocar el dictamen a favor del recurrido y a ordenar que se dilucide la solicitud para litigar como indigente. Con el fin de crear un nuevo requisito que no contempla nuestro ordenamiento, se busca penalizar al litigante responsable que cumplió con la normativa vigente y privarle de un remedio ya adjudicado en los méritos. Tal interpretación obstaculiza el acceso a los tribunales y se aleja de nuestra política que promueve que las controversias se resuelvan en sus méritos de forma adecuada, completa y oportuna. Veamos.

### A.

En primera instancia, al sostener que los tribunales deben resolver expresamente las solicitudes para litigar in forma pauperis, se impondría un requisito adicional a la

persona indigente que intenta acceder a nuestros tribunales.

Adviértase que ni el Código de Enjuiciamiento Civil, ni el

Reglamento del Tribunal de Apelaciones, ni la jurisprudencia

interpretativa de éstos establecen tal obligación.[5] De esta

forma, se busca "legislar" este nuevo requisito

**jurisdiccional** que fomenta que se prologue aún más el litigio

al requerir una especie de "mini juicio" cada vez que se

presente una solicitud para litigar in forma pauperis.[6] Tal

---

[5]Específicamente, el Código de Enjuiciamiento Civil dispone que el tribunal "permitirá" anotar la demanda. 32 LPRA sec. 1482. Mientras, el Reglamento del Tribunal de Apelaciones establece que el tribunal la concederá. 4 LPRA Ap. XXII-B, R. 78. Empero, ninguno establece que el tribunal deberá hacerlo de forma expresa. Nótese, además, que a diferencia de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 LPRA Ap. II-B, R. 18, el Reglamento del Tribunal de Apelaciones no requiere que se exponga por escrito las razones para la denegatoria de la solicitud para litigar in forma pauperis.

[6]Es menester distinguir el caso ante nuestra consideración con lo ocurrido en Padilla v. García, 61 DPR 734 (1943). Allí, por voz del ex Juez Asociado señor Snyder, indicamos que una ley claramente exigía que se solicitara de la corte inferior una resolución ordenando al taquígrafo que le entregara a un apelante indigente una copia de la transcripción libre de derechos. Íd. pág. 736. Sin embargo, no se concluyó que la resolución del tribunal debía ser expresa. Lo que señalamos fue que ante la falta de una solicitud y de probar que era indigente, y por consiguiente, ante la ausencia de una decisión de la corte, se debía desestimar por no estar perfeccionado el recurso.

No obstante lo anterior, cuatro años después, en Camacho v. Corte, 67 DPR 802 (1947) se resolvió una controversia relacionada con la solicitud para litigar in forma pauperis. Allí, este Tribunal, nuevamente por voz del ex Juez Asociado señor Snyder, señaló que en ese caso "[l]a corte de distrito no expuso los motivos que tuvo para denegar la moción de Camacho solicitando permiso para litigar in forma pauperis". Íd., pág. 804. Es decir, "la corte inferior nunca le hizo saber al demandante por qué le había denegado dos veces su moción". Íd., pág. 805. A pesar de eso, este Tribunal en ese caso no requirió que la solicitud de litigar in forma pauperis se resolviera de forma expresa y fundamentada. Por tanto, no sería acertado utilizar como fundamento a Padilla v. García, supra, cuando tenemos un caso

interpretación lacera el acceso a los tribunales y afecta el principio de economía procesal.

Como sabemos, la economía procesal es un pilar importante dentro de nuestro sistema judicial. Dávila, Rivera v. Antilles Shipping, Inc., 147 DPR 483, 494 (1999). Por ello, es conocido que "[n]uestro ordenamiento valora la economía y rapidez en la tramitación de los pleitos". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., Publicaciones JTS, 2011, T. I, pág. 41. A esos efectos, "[p]rocede rechazar una interpretación procesal que no armonice con el principio rector que inspira la solución justa, rápida y económica de todo pleito". Íd., pág. 62. Véase, además, Carattini v. Collazo Syst. Analysis Inc., 158 DPR 345, 358 (2003). Los asuntos procesales no deben utilizarse para derrotar los derechos sustantivos de las partes, sino para permitir la adjudicación libre de formalismos y sutilezas puramente legalistas.

Adviértase, que con lo anterior no se está resolviendo que una solicitud para litigar in forma pauperis se debe conceder automáticamente. Muchos menos se está sugiriendo que los tribunales deben obviarla. Los tribunales sí están obligados a examinar la solicitud y tomar una determinación. Lo que es erróneo es que se requiera una determinación expresa y escrita para que se pueda asumir jurisdicción sobre los méritos de la controversia. Tal formalismo no debe tornarse en un requisito jurisdiccional y mucho menos en una causal para revocar al foro apelativo intermedio.

---

cuatro años más tarde que atiende con mayor particularidad el asunto y no requirió tal requisito jurisdiccional.

En ese sentido, no existe fundamento en ley que obligue a los tribunales a realizar la decisión expresa. Al contrario, resolver de esa forma, imponiendo un nuevo requisito jurisdiccional, afecta el deber de los tribunales de examinar los casos en sus méritos. Así, pues, con esa determinación los tribunales estarían obligados en todos los casos a examinar de forma minuciosa y formalista la solicitud de litigación in forma pauperis antes de atender la verdadera razón por la cual el litigante acude al tribunal. Ello, a pesar de que podrían existir asuntos urgentes, como la seguridad a la vida de una persona, donde sería necesario actuar rápidamente y donde lo más razonable sería resolver la solicitud de indigencia de forma implícita al emitir la determinación del caso.[7] Dicho de otro modo, con la norma propuesta por Corrección, los tribunales se verían privados de examinar los méritos de las controversias hasta tanto examinen y adjudiquen de forma expresa la solicitud, sin importar la urgencia o la necesidad que presenten los casos ante su consideración.

En el caso de epígrafe, no hubo un error por el señor Santana Báez. Al contrario, solicitó de forma correcta litigar in forma pauperis. El Tribunal de Apelaciones tampoco erró al momento de acoger el recurso, pues hizo su determinación de forma implícita. Por ende, y conforme la jurisprudencia citada, no procede la revocación de la decisión en los méritos.

---

[7]Es menester destacar que, en estos casos, si no media fraude o colusión de la parte que lo solicite, el hecho de que no se haya adherido los aranceles podría ser subsanable. Véase, Salas v. Baquero, 47 DPR 108, 114 (1934).

**B.**

De otra parte, Corrección nos solicita que revoquemos la determinación del Tribunal de Apelaciones debido a que alegadamente el señor Santana Báez tiene capacidad económica para cumplir con el requisito del pago de aranceles. A esos fines, presentó prueba de un informe de las transacciones del confinado que reflejaba un balance de $ 6,156.68 al 2 de junio de 2017 y una Sentencia de otro panel del Tribunal de Apelaciones dejando sin efecto la concesión de una solicitud para litigar como indigente al recurrido.

No obstante, el peticionario olvida lo afirmado por este Tribunal a los efectos de que quien solicite litigar como indigente "no [está] obligado a demostrar que es absolutamente insolvente, desamparado, y sin medios de vida. Más bien[,] el requisito es que por razón de pobreza no pueda pagar los derechos". Gran Vista I v. Gutiérrez y otros, supra, pág. 191 (citando a Camacho v. Corte, 67 DPR 802, 804 (1947)). No es necesario que el litigante "esté en tal desamparo que no tenga una cama en qué dormir, o una mesa en qué comer, o una silla en qué sentarse". Camacho v. Corte, supra (citando a Fils v. Iberra, St. M.&E.R. Co., 82 So. 697, 700 (La. 1919)). Por tanto, el hecho de que el recurrido tenga una cuenta con $6,156.68 no necesariamente significa que no es indigente, pues existen otros factores a considerar. En ese aspecto, el Tribunal de Apelaciones tuvo discreción para realizar su decisión.

**C.**

Por último, el peticionario no se expresa de forma alguna en torno a los méritos de la controversia a la que se enfrenta. Al contrario, en detrimento de una alegada amenaza a la vida del señor Santana Báez, se enfoca en cuestionar la indigencia del recurrido y en añadir un nuevo requisito procesal para el litigante indigente. Sin embargo, el señor Santana Báez alega que se transfirió arbitrariamente un confinado al área de testigos donde él habita. Arguye, además, que la presencia de ese confinado atenta contra su vida. Teniendo en cuenta lo anterior, el Tribunal de Apelaciones ordenó que Corrección realizara una investigación adecuada al respecto – encomienda que se negó a hacer inicialmente.

Ante este escenario, no debemos desatender lo que bien señaló el Tribunal de Apelaciones, que en este caso "[d]ada la importancia del interés jurídico protegido –interés a la vida- correspondía investigar cuidadosamente la situación y brindar al recurrente una respuesta adecuada".[8] Es decir, se debe investigar si la actuación impugnada constituía una amenaza al derecho a la vida que le asiste al recurrido conforme a la Sección 7 del Artículo II de la Constitución de Puerto Rico. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. Por tanto, el asunto no debe despacharse de forma mecánica, irreflexiva e insensible. La interpretación formalista y autómata que adopta Corrección lesionaría nuestra política de favorecer la solución de las controversias en sus méritos. Asimismo, obstaculizaría la disposición de los asuntos de

---

[8]Sentencia, Apéndice de _certiorari_, pág. 51.

forma justa, rápida y económica como lo exige la Ley de la Judicatura.

**IV**

En vista de lo anteriormente expuesto, estoy conforme con declarar <u>no ha lugar</u> a la petición de <u>certiorari</u> del Departamento de Corrección y Rehabilitación, por las nefastas consecuencias que conllevaría pautar la pretensión del Estado.

Luis F. Estrella Martínez<br>
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Eliezer Santana Báez

     Recurrido

Certiorari

       v.

CC-2017-732

Departamento de Corrección
y Rehabilitación

     Peticionario

Voto particular disidente emitido por el Juez Asociado señor Kolthoff Caraballo al cual se unieron los Jueces Asociados señores Martínez Torres y Feliberti Cintrón

San Juan, Puerto Rico, a 16 de abril de 2019.

En este caso el Tribunal tenía la oportunidad de determinar si una solicitud para litigar *in forma pauperis* se tiene que resolver de forma expresa antes de disponer de la controversia en los méritos. No obstante, no fue así. Por los fundamentos que expongo a continuación, hubiese expedido el auto de *Certiorari* solicitado, ello para contestar dicha interrogante en la afirmativa. Veamos.

I

El Sr. Eliezer Santana Báez presentó una *Solicitud de remedio administrativo* ante el Departamento de Corrección y Rehabilitación

(Corrección), en la cual solo indicó que habían ubicado al confinado Reynaldo Pons en el módulo para testigos, a pesar de que éste no cumplía con la condición de testigo.[9]

Por su parte, Corrección desestimó la solicitud mediante la *Respuesta al miembro de la población correccional*. Específicamente, determinó que, según la Regla XIII del Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional, Reglamento Núm. 8583 del Departamento de Corrección y Rehabilitación de 4 de mayo de 2015, la solicitud de remedio era fútil o insustancial y no conllevaba remediar su situación de confinamiento.[10]

Insatisfecho con la determinación, el señor Santana Báez presentó un escrito de *Revisión judicial* en el cual indicó, en síntesis, que Corrección erró al desestimar de plano su solicitud de remedio sin canalizar el asunto ni remover al confinado en cuestión, quien, a su entender, no cumplía con los requisitos de testigo. Además, en lo pertinente a la controversia que nos ocupa, cabe destacar que el señor Santana Báez no incluyó el pago de los aranceles correspondientes, pues solicitó que se le permitiera comparecer *in forma pauperis*.

---

[9] Véase Petición de *certiorari*, pág. 12.

[10] Íd., pág. 13.

Luego de examinar los escritos de las partes, el 15 de junio de 2017 el Tribunal de Apelaciones dictó una Sentencia mediante la cual revocó la determinación de Corrección y ordenó la continuación de los procedimientos para que se investigara si el traslado del confinado Reynaldo Pons al área de testigos constituía una amenaza a la vida del señor Santana Báez.[11] Sin embargo, no hizo alguna determinación en cuanto a la procedencia de la solicitud para litigar como indigente.

Así las cosas, Corrección, a través de la Oficina del Procurador General, presentó una *Moción de reconsideración* mediante la cual solicitó la desestimación del pleito instado por el señor Santana Báez por no haber pagado el arancel correspondiente a la revisión administrativa ni cumplir con los criterios para litigar *in forma pauperis*. A esos fines, Corrección incluyó una *Certificación*[12] y un *Informe de transacciones del confinado*[13] perteneciente a la cuenta del señor Santana Báez, en el cual se reflejaba un balance de $6,156.68. Además, incluyó una Resolución emitida el 14 de junio de 2017 por el propio Tribunal de Apelaciones sobre otro caso en el cual, mediante reconsideración, una sala distinta de ese foro dejó sin efecto la concesión de una solicitud para litigar como indigente, presentada por el señor Santana Báez, y le

---

[11] La copia de la notificación de la Resolución se archivó en los autos el 22 de junio de 2017.

[12] Véase Petición de *certiorari*, pág. 65.

[13] Véase Petición de *certiorari*, págs. 68-97.

ordenó satisfacer el pago de aranceles por $102. En particular, se le había presentado al foro apelativo intermedio prueba irrefutable de que éste contaba con medios económicos suficientes para el pago de los aranceles.[14] Finalmente, Corrección atacó la procedencia del recurso en los méritos.

El 17 de julio de 2017 el Tribunal de Apelaciones emitió una Resolución en la cual declaró "no ha lugar" la moción de reconsideración.[15] Inconforme, Corrección presentó ante nosotros una Petición de *certiorari*, en la cual hizo los siguientes señalamientos de error:

> Erró el Tribunal de Apelaciones al no desestimar la solicitud de revisión judicial presentada por el Sr. Santana Báez, a pesar de que éste posee medios económicos para efectuar el pago de aranceles de presentación, por ende no cumple con los criterios para litigar *in forma pauperis*.

> Erró el Honorable Tribunal de Apelaciones al concluir que la respuesta emitida por la División de Remedios Administrativos no es adecuada, cuando la solicitud de remedio administrativo presentada por el Sr. Santana Báez no plantea una situación particular que lo afecte personalmente y sin que surja del expediente administrativo un cuestionamiento sobre seguridad por el hecho de ubicar a otro confinado que no es testigo en el mismo módulo en que se encuentra el promovido.[16]

Por su parte, el 12 de septiembre de 2017 el señor Santana Báez presentó una *Moción en solicitud de urgente remedio*. En síntesis, solicitó que ordenáramos a Corrección

---

[14] Íd., págs. 66-67.

[15] La copia de la notificación de la Resolución se archivó en los autos el 25 de julio de 2017.

[16] Véase Petición de *certiorari*, pág. 6.

remover a varios confinados que se encuentran junto a él en el lugar destinado para testigos, ya que supuestamente éstos abusan de los demás confinados que se encuentran allí. Además, cabe destacar que ese mismo día presentó una *Moción informativa* en la cual indicó lo siguiente:

1. Que en los próximos días al haber llegado este escrito ante este Foro, mi mamá estará acreditando arancel de $102.00 dólares sobre este caso ante el TA, ya que yo le tengo que enviar la moción hecha y ella comprar el arancel, adherírselo y enviarla.

2. Por tanto, está en trámites de eso, ante ello, informamos que el arancel ha de ser pagado, para que únicamente este Foro entre en los méritos de este caso de lleno.[17]

II

La jurisdicción es el poder o la autoridad que posee un tribunal para dilucidar los casos o controversias presentados ante su consideración.[18] Por ello, el primer aspecto que se examinará en toda situación jurídica presentada ante la consideración de un foro adjudicativo es su naturaleza jurisdiccional.[19]

A esos efectos, reiteradamente hemos expresado que los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir la

---

[17] Véase *Moción informativa* de 12 de septiembre de 2017.

[18] Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015); Cordero v. ARPe., 187 DPR 445, 456 (2012); Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 249 (2012); Pueblo v. Rodríguez Traverzo, 185 DPR 789, 794 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011); González v. Mayagüez Resort & Casino, 176 DPR 848, 854 (2009).

[19] Yumac Home v. Empresas Massó, supra; Cordero v. ARPe., supra, pág. 457; Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403 (2012).

misma donde no la tienen.[20] Es decir, si luego de realizado el análisis un tribunal entiende que no tiene jurisdicción sobre un recurso, solo tiene autoridad para así declararlo.[21] Por consiguiente, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos.[22] Ello pues, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultra vires*.[23]

Por otro lado, hemos establecido que las partes deben observar rigurosamente los requisitos reglamentarios para perfeccionar los recursos tanto ante este Tribunal como ante el Tribunal de Apelaciones.[24] A su vez, hemos recalcado que es nulo e ineficaz un escrito judicial presentado sin los sellos de rentas internas que la ley[25] ordena cancelar.[26]

---

[20] Yumac Home v. Empresas Massó, supra; S.L.G. Szendrey Ramos v. F. Castillo, 169 DPR 873, 882 (2007); Morán v. Martí, 165 DPR 356, 364 (2005).

[21] Cordero v. ARPe., supra; S.L.G. Solá-Moreno v. Bengoa Becerra, supra, págs. 682-683.

[22] Cordero v. ARPe., supra; González v. Mayagüez Resort & Casino, supra, pág. 856.

[23] Cordero v. ARPe., supra; Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007).

[24] M-Care Compounding *et al* v. Depto. Salud, 186 DPR 159, 176 (2012). Véanse, además: García Ramis v. Serrallés, 171 DPR 250, 253 (2007); Pellot v. Avon, 160 DPR 125, 134 (2003); Arriaga v. F.S.E., 145 DPR 122, 129-130 (1998).

[25] La Sec. 5 de la Ley Núm. 17 de 11 de marzo de 1915 (Ley Núm. 17), según enmendada (32 LPRA sec. 1481), dispone:

*Sec. 1481. Documentos serán nulos si no tienen sellos*

Todos y cada uno de los documentos o escritos que requieran el pago de derechos para su presentación ante el tribunal serán nulos y sin valor y no se admitirán como prueba en juicio a menos que dicho pago esté debidamente evidenciado, conforme a las normas que a tales fines establezca el(la) Juez(a) Presidente(a) del Tribunal Supremo o la persona en quien éste(a) delegue.

Es conocido que esa obligación se extiende a los recursos apelativos, y así eludir la evasión tributaria que defrauda al erario.[27]

Ahora bien, este Tribunal ha reconocido varias excepciones a la regla general del pago de aranceles sobre escritos judiciales. Una de las excepciones que tanto la ley como la jurisprudencia reconocen es que una persona indigente queda exenta del pago de aranceles.[28]

A esos efectos, la Sec. 7 del Código de Enjuiciamiento Civil, 32 LPRA sec. 1482, reconoce el derecho estatutario de los indigentes a litigar *in forma pauperis*. Específicamente, esa sección dispone:

> Cualquier persona de Puerto Rico que desee entablar una acción civil o recurso y no pudiere pagar los derechos establecidos por el Tribunal Supremo o los derechos de suspensión requeridos por las secs. 1476 a 1482 de este título, podrá presentar al(a la) Secretario(a) del Tribunal una declaración jurada exponiendo su imposibilidad de pagar dichos derechos, junto con una copia de la demanda que se propone deducir. El(la) Secretario(a) someterá dicha declaración jurada y la referida demanda o recurso al(a la) Juez(a) del tribunal, según sea el caso, y si dicho(a) Juez(a) juzgare suficiente en derecho la demanda y estimare probada la incapacidad para satisfacer los derechos requeridos por las secs. 1476 a 1482 de este título, permitirá que se anote dicha

---

[26] M-Care Compounding *et al* v. Depto. Salud, supra; Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 189 (2007); Meléndez v. Levitt & Sons of P.R., *Inc.*, 106 DPR 437, 438 (1977); Maldonado v. Pichardo, 104 DPR 778, 781-782 (1976); Piñas v. Corte Municipal, 61 DPR 181, 184 (1942).

[27] M-Care Compounding *et al* v. Depto. Salud, supra; Gran Vista I v. Gutiérrez y otros, supra; Salas v. Baquero, 47 DPR 108, 113-114 (1934).

[28] Sec. 6 de la Ley Núm. 17 (32 LPRA sec. 1482); M-Care Compounding *et al* v. Depto. Salud, supra. Véanse, además: Torres v. Rivera, 70 DPR 59 (1949); Parrilla v. Loíza Sugar Company, 49 DPR 597 (1936); Sucn. Juarbe v. Pérez, 41 DPR 114 (1930); Rosado v. American Railroad Co., 37 DPR 623 (1928).

demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos(as) los(as) funcionarios(as) del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos. […] Mas, en todo caso, el(la) Juez(a) podrá requerir cualquier información adicional que creyere necesaria cuando una persona solicita que se le releve del pago de costas. Los recursos a nivel apelativo o discrecionales que se presenten en el Tribunal de Apelaciones o en el Tribunal Supremo disfrutarán de la referida exención de conformidad al trámite dispuesto.[29]

Por otro lado, para garantizar el derecho de todo litigante a recurrir a los tribunales apelativos, la Regla 78 del Reglamento del Tribunal de Apelaciones de 2004, 4 LPRA Ap. XXII-B, permite que los litigantes indigentes soliciten el derecho a litigar *in forma pauperis* ante dicho foro apelativo. A esos fines, la Regla 78 del referido reglamento, *supra*, establece lo siguiente:

Cualquier parte en el procedimiento que por primera vez solicite litigar *in forma pauperis*, presentará ante el Tribunal de Apelaciones una declaración jurada, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y costas o para prestar garantía por éstos; su convencimiento de que tiene derecho a un remedio; y una exposición de los asuntos que se propone plantear en el recurso.

Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para ello.

El Tribunal de Apelaciones podrá preparar formularios para facilitar la comparecencia efectiva de apelantes o recurrentes *in forma pauperis.*

Además, hemos dispuesto también por excepción que si una persona solicita por primera vez en la etapa apelativa que se le permita litigar como indigente, **sin que medie**

---

[29] 32 LPRA sec. 1482.

**fraude o colusión de su parte**, y el tribunal rechaza su petición, no se desestimará su recurso si presenta los aranceles correspondientes después de vencido el plazo apelativo, una vez se deniega la solicitud para litigar *in forma pauperis*.[30] No obstante, aclaramos que "[a]l así resolver, **no le abrimos las puertas a litigantes inescrupulosos que, so pretexto de solicitar el beneficio de insolvencia, incumplan con el requisito de pagar y adherir los sellos de rentas internas según lo exige la ley**".[31] (Énfasis suplido). Ello pues, "**[e]s deber de los litigantes pagar los derechos correspondientes para perfeccionar sus recursos**".[32] (Énfasis en el original).

Por tanto, según nuestro Código de Enjuiciamiento Civil, el Reglamento del Tribunal de Apelaciones y nuestra jurisprudencia, el ciudadano que tenga una reclamación meritoria y que por su condición económica esté impedido de sufragar los costos de un litigio puede solicitar el beneficio de litigar *in forma pauperis*, tanto al presentar su acción como al apelar una sentencia.[33]

Una vez el solicitante presente la declaración jurada en la que acredite su incapacidad económica y la misma sea remitida al juez, éste evaluará tanto la condición económica del solicitante como los méritos de su

---

[30] M-Care Compounding v. Departo. Salud, supra, págs. 176-177; Gran Vista I v. Gutiérrez y otros, supra.

[31] Gran Vista I v. Gutiérrez y otros, supra, pág. 197.

[32] Íd.

[33] Gran Vista I v. Gutiérrez y otros, supra, pág. 193.

reclamación para decidir si procede conceder el privilegio de litigar como indigente.[34] Así pues, al examinar una solicitud para litigar *in forma pauperis*, el tribunal tiene discreción para determinar si el solicitante carece de medios económicos para pagar los gastos del pleito y si su reclamación es meritoria.[35] Consecuentemente, la **decisión sobre la procedencia de la solicitud no debe ser alterada en apelación a menos que el récord demuestre que el tribunal abusó de su discreción.**[36] Además, hemos resuelto que, "[y]a que el permiso para litigar *in forma pauperis* no se concede de forma automática, no podemos imponer la sanción de la desestimación si, posteriormente, el tribunal decide que el litigante no es indigente".[37]

Ahora bien, este Tribunal resolvió en <u>Vázquez v. Rivera</u>, 69 DPR 947 (1949), que, en ausencia de una petición para litigar *in forma pauperis*, procede desestimar un recurso al cual tampoco se le adhirieron los sellos de rentas internas correspondientes. De igual modo, en <u>Padilla v. García</u>, 61 DPR 734 (1943) resolvimos que, en ausencia de una orden del tribunal en la cual se acredite la insolvencia de una parte o se ordene al taquígrafo la entrega de una transcripción libre de derechos, se entiende que un recurso no está perfeccionado y, por lo tanto,

---

[34] Íd.

[35] Íd.

[36] Íd.; <u>Pueblo v. Castro</u>, 69 DPR 450, 452 (1948). Véanse, además: <u>Camacho v. Corte</u>, 67 DPR 802 (1947); <u>Pueblo v. Cruz</u>, 57 DPR 88 (1940); <u>Pueblo v. Lawton y Comas, Interventor</u>, 46 DPR 184 (1934).

[37] <u>Gran Vista I v. Gutiérrez y otros</u>, supra, pág. 197.

procede desestimarlo. Cabe destacar que en ese caso la demandante no alegó ni probó ser indigente.

III

El señor Santana Báez presentó un recurso de revisión judicial ante el Tribunal de Apelaciones para impugnar una determinación de Corrección, al cual no le adhirió los sellos de rentas internas correspondientes ya que presentó una solicitud para litigar *in forma pauperis*. Sin embargo, el foro apelativo intermedio nunca se expresó sobre esa solicitud. Su intervención fue únicamente para resolver el caso en sus méritos y dictó una sentencia revocando la decisión de Corrección.

Posteriormente, ante un reclamo presentado por Corrección mediante una moción de reconsideración, en la cual incluso presentó prueba de los recursos económicos del señor Santana Báez, el Tribunal de Apelaciones nuevamente eludió el asunto de la solicitud para litigar como indigente. Inconforme con esa determinación, Corrección presentó el recurso ante nuestra consideración. Específicamente, adujo que, dado a que el Tribunal de Apelaciones no aprobó la solicitud *in forma pauperis* ni el señor Santana Báez pagó los aranceles correspondientes, el recurso de revisión nunca se perfeccionó y, por lo tanto, el escrito era nulo. Entiendo que sus señalamientos son correctos.

**Una solicitud para litigar *in forma pauperis* no es otra cosa que invocar al tribunal que se le exima a una parte de cumplir con un requisito jurisdiccional para que ese foro pueda atender los méritos de su caso.** Como mencionamos, en ausencia de una orden del tribunal en la cual se acredite la insolvencia de una parte cuando no presenta el pago de los aranceles correspondientes ni solicita litigar *in forma pauperis*, se entiende que su recurso no está perfeccionado y, consecuentemente, procede desestimarlo.[38]

Por otro lado, sabido es que la determinación sobre la procedencia de esa solicitud es revisable ante los tribunales apelativos. Por consiguiente, el foro revisor necesita tener ante sí la decisión impugnada para poder evaluar si la misma fue correcta o no. Ante ello, el tribunal que atienda una solicitud para litigar *in forma pauperis* está obligado a resolverla de forma **expresa.** Es decir, debe determinar si procede o no la solicitud y así notificárselo a las partes. Así pues, hasta tanto un tribunal no se exprese sobre la procedencia de la solicitud para litigar *in forma pauperis*, no puede disponer de los méritos del caso. Ello pues, el recurso presentado no estaría perfeccionado por adolecer del requisito del pago de aranceles y, por lo tanto, el tribunal carecería de jurisdicción.

---

[38] Véase <u>Padilla v. García</u>, 61 DPR 734 (1943).

Una vez el tribunal emita su determinación, si se concede la solicitud, el recurso quedaría perfeccionado automáticamente o, si se deniega, el tribunal deberá concederle un término razonable a esa parte para que pague los aranceles correspondientes. No obstante, **ello no significa que las partes se puedan aprovechar de lo anterior para evadir el requisito de pagar y adherir los sellos de rentas internas.** Así pues, **solo cuando existan circunstancias de peso que justifiquen dicho proceder es que el tribunal le dará la oportunidad a la parte de perfeccionar su recurso; de lo contrario, procedería su desestimación.**[39] Si alguna parte estuviera inconforme con el resultado podría impugnar esa decisión si demuestra que el foro recurrido abusó de su discreción.

En este caso, el Tribunal de Apelaciones nunca se expresó sobre la procedencia de la solicitud presentada por el señor Santana Báez para litigar como indigente. No obstante, dispuso de los méritos del recurso de revisión presentado y dictó sentencia, permitiendo al señor Santana Báez llevar su caso sin haber pagado los aranceles correspondientes y sin que su recurso estuviese perfeccionado. Posteriormente, el foro apelativo intermedio volvió a desatender el asunto. Ello, a pesar de que Corrección presentó prueba de que supuestamente el señor Santana Báez tiene la capacidad económica para cumplir con el requisito del pago de aranceles. A esos fines, presentó

---

[39] Véase <u>Gran Vista I v. Gutiérrez y otros</u>, supra.

un informe de las transacciones del confinado que reflejaba un balance de $6,156.68 al 2 de junio de 2017 y una Sentencia del 14 de junio de 2017 de otro panel del Tribunal de Apelaciones dejando sin efecto la concesión de una solicitud para litigar como indigente presentada por el señor Santana Báez en otro caso. Además, en esa otra Sentencia se le ordenó pagar los aranceles correspondientes por entender que éste tenía los recursos para ello.[40] Es por eso que, a base de la doctrina dispuesta, concluyo que erró el Tribunal de Apelaciones al no resolver de forma expresa la procedencia de la solicitud para litigar *in forma pauperis* presentada por el señor Santana Báez y haber resuelto los méritos del caso sin tener jurisdicción para ello.

La falta de una determinación sobre la solicitud en cuestión no solo limita el derecho de revisión de las partes, sino que, además, se presta para que los litigantes utilicen el mecanismo de la litigación *in forma pauperis* como estratagema para defraudar al erario. Aquí, la prueba presentada por Corrección en cuanto a la aparente solvencia económica del señor Santana Báez, unido al hecho de que éste informó que estaría pagando el requerido arancel, debe llevar al Tribunal de Apelaciones a indagar si al momento de hacer la solicitud *in forma pauperis* éste realmente contaba con los recursos para cumplir con el requisito del

---

[40] Hay que destacar que el Sr. Eliezer Santana Báez reconoció ante este Tribunal mediante la *Moción informativa* de 12 de septiembre de 2017 que contaba con el dinero para satisfacer el pago de los aranceles ante el Tribunal de Apelaciones.

pago de aranceles. Esto pues, como ya intimamos, el hecho de no incluir dicho pago, a sabiendas de que cuenta con los recursos para pagar, puede conllevar consecuencias fatales en la tramitación del recurso. Consecuentemente, procede dejar sin efecto la Sentencia del Tribunal de Apelaciones y devolver el caso a ese foro para que, a base de lo aquí resuelto y de toda la prueba presentada, determine si procede o no la solicitud para litigar como indigente presentada por el señor Santana Báez.

IV

Por los fundamentos expuestos, expediría el recurso de *certiorari* solicitado, dejaría sin efecto la Sentencia del Tribunal de Apelaciones y le devolvería el caso para que resuelva la solicitud *in forma pauperis* presentada por el señor Santana Báez.

En vista de que esa no es la determinación que hoy toma la mayoría, respetuosamente disiento.


                                    Erick V. Kolthoff Caraballo
                                         Juez Asociado